# Toth et al., Appellants, *v.* Public Service Commission.

*Public Service Company Law—Common carriers—Automobiles —Operation as common carrier—Insufficient evidence.*

An order of the Public Service Commission, addressed to certain owners of automobiles, holding them to be common carriers, and commanding them to desist from the operation thereof until a certificate of public convenience be obtained, will be reversed, where there is no evidence to establish the fact that the owners of the automobiles have operated the same as common carriers, or in violation of the Public Service Company Law.

Argued April 24, 1919. Appeals, Nos. 124, 126, 128 and 129, April T., 1919, from orders of the Public Service Commission of the Commonwealth of Pennsylvania, by Respondents in the cases of George Toth, Andy Solopek, B. T. Milan and Nick Brokovich v. The Public Service Commission, on appeal. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Reversed.

218.    TOTH et al., Appellants, *v.* PUB. SER. COM.

Statement of Facts—Opinion of the Court. [73 Pa. Superior Ct.
Complaint of Masontown Taxi Company before the Public Service Commission that the respondents were operating autobusses as common carriers without certificates of public convenience, and in violation of Section 2 of Article III of the Public Service Company Law.

The commission made an order directing each of the respondents to forthwith cease and desist from carrying on or engaging in the public service set forth in the complaint, to wit, operating a motor vehicle as a common carrier, until he should have obtained from the commission a certificate of public convenience in approval thereof, in accordance with the provisions of the Public Service Company Law. Respondents appealed.

*Error assigned* was the order of the commission.

*George Patterson,* for appellants.

*John Fox Weiss,* Assistant Counsel, and with him *Berne H. Evans,* Counsel, for the Public Service Commission.

OPINION BY KELLER, J., December 1, 1919:

The majority of the court are of the opinion that in these cases there was no competent evidence adduced before the Public Service Commission that the appellants were engaged in business or operating as common carriers. Unless they were, the commission had no jurisdiction or authority to make the orders appealed from.

The evidence, which was very meager and consisted of nothing but the testimony of the complainant himself, went no further than to establish that each of the appellants owned an automobile in which he occasionally carried passengers from Mount Sterling to Masontown, and that he had been seen collecting money from passengers when they were alighting at Masontown, and had solicited passengers for the journey back to Mount Sterling.

The complainant testified that he did not know whether the appellants had solicited the passengers they carried or had been specially engaged by them to make the trip. He did not know what the passengers carried paid the appellants, or whether they were charged a regular rate of fare. There was no testimony that the complainant had seen any person who was solicited by any of the appellants at Masontown to make the return trip, accept such invitation to convey him back to Mount Sterling or elsewhere.

The appellants were admittedly engaged in other business, at which they worked regularly, and so long as they did not hold themselves out as in the business of carrying passengers for hire, could at the request of other persons use their automobiles to convey them to Masontown or elsewhere and accept pay for it, without subjecting themselves to the orders or authority of the Public Service Commission.

The orders of the Public Service Commission in the several cases are reversed.