# Harder, Appellant, *v.* Public Service Commission.

*Public Service Company Law—Public Service Commission—Motor bus transportation—Common carrier—Casual employment.*

One who engages in casual transportation at the instance or request of a particular individual, and does not hold himself out as engaged in the business of transporting passengers, is not a common carrier under the provisions of the Public Service Company law, subject to the jurisdiction of the Public Service Commission.

In order to subject such an individual to the jurisdiction of the Commission, it must be made to appear that he is a common carrier; that is, that he undertakes to carry for hire all persons indifferently who apply to him. It is a matter of common knowledge that farmers or other persons suitably equipped on special occasions convey parties to picnics or campgrounds, as a convenience to the persons so transported, but this is a very different thing from holding oneself out as engaged in the business of the carriage of passengers.

Argued March 16, 1927. Appeal No. 26, March T., 1927, by John Harder from the order of the Public Service Commission of Pennsylvania, Complaint Docket No. 6997, ordering the respondent to cease and

desist from operating motor vehicles for group or party service. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Complaint before the Public Service Commission that the respondent was operating an autobus as a common carrier without a certificate of public convenience. The Commission made an order that the respondent cease and desist from operating motor vehicles for the transportation of group or parties of persons until he should have obtained a certificate of public convenience, in accordance with the provisions of the Public Service Company Law. Respondent appealed.

*Error assigned* was the order of the Commission.

*Arthur H. Hull,* of *Beidleman & Hull,* and with him *Alfred E. Swoyer,* for appellant.

*John Fox Weiss,* Counsel, and with him *W. Y. Blanning,* Assistant Counsel, for the Public Service Commission.

OPINION BY HENDERSON, J., April 22, 1927:

The Public Service Commission issued an order requiring the appellant to desist from operating a motor vehicle or motor vehicles for the transportation of groups or parties of persons within the Commonwealth of Pennsylvania. The complaint was made by the Wayne Automobile Transportation Company which claims to have authority from the Public Service Commission to engage in the transportation of passengers on any street or highway in the County of Wayne or Lackawanna. The competent evidence in support of the complaint was to the effect that the appellant is the owner of three trucks and is

engaged in the business of draying; that on six occasions in the summer of 1926, he used one of his draying trucks to haul some boys from one camp to another in Wayne County and on one or more occasions some girls. This was done at the request of a Mr. Federman who had some control of the camps. He received payment from Federman for the service rendered. His regular business was trucking which he had pursued for many years; he having been in that business with teams before the Act of July 26, 1913, went into effect or was adopted. He had infrequently taken a sleigh-ride or hay-ride party to its destination. It is not asserted that he had any route of travel or regular service from place to place, or schedule, or that he solicited passengers or held himself out as engaged in the business of transporting passengers. The evidence sustains the conclusion that he was specially engaged for a particular trip on the occasions referred to. He alleged, and the evidence supports him in that respect, that the service was casual, infrequent and incidental to his regular business, and it may be concluded from the evidence that it related almost wholly, if not altogether, to the presence of young people coming to the camps referred to for a short period in mid-summer. Six trips are identified by the president of the Wayne Automobile Transportation Company as having been made in the summer of 1926. When or under what circumstances any other act of transportation was engaged in does not appear from the testimony. In order to subject the appellant to the jurisdiction of the Commission, it must be made to appear that he is a common carrier; that is, that he undertakes to carry for hire all persons indifferently who apply to him. The evidence falls short of this. It is a matter of common knowledge that farmers or other persons suitably equipped on special occasions convey a sleigh-ride party or picnic or camp-

ing party from one place to another as a convenience to the persons so transported, but this is a very different thing from holding ones self out as engaged in the business of the carriage of passengers. The Public Service act serves a useful purpose in the regulation of transportation, but we think the legislation when subjecting corporations to its control and enacting that individuals when engaged in like service should be also within its scope does not apply to such a case as that disclosed by the evidence. We held in Toth v. Public Service Commission, 73 Pa. Superior Ct. 217, that the act did not apply on a state of facts more nearly within its provisions than that proved in the case before us. We are of the opinion that the evidence does not show that the appellant is a common carrier and for that reason the order of the Commission is reversed.