## Kline v. The Public Service Commission of the Commonwealth of Pennsylvania.

*Public Service Commission—Jurisdiction—Common carriers—Holding out—Group and party service.*

One who hires his motor bus to any one who applies for the transportation of groups of persons from point to point, at a fixed sum, is a common carrier within the jurisdiction and control of the Public Service Commission.

Argued March 14, 1928. Appeal No. 18, March T., 1928, by respondent from order of The Public Service Commission of Pennsylvania, Complaint Docket No. 7312—1927, in the case of Fred. J. Kline v. The Public Service Commission and the East Penn Electric Company, intervening appellee.    Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.    Affirmed.

Complaint against the operation of a common carrier service without a certificate of public convenience.

The facts are stated in the opinion of the Superior Court.

The Commission ordered respondent to desist from operating motor busses until he obtained a certificate of public convenience.    Respondent appealed.

*Error assigned* was the order of the Commission.

*Arthur H. Hull,* and with him *John B. McGurl* and *E. E. Beidleman,* for appellant.

*E. Everett Mather, Jr.,* Legal Assistant, and with him *John Fox Weiss,* Counsel, and *Wendell Y. Blanning,* Assistant Counsel, for the appellee.

*Otto E. Farquhar,* and with him *Thos. J. Perkins,* for the intervenor.

OPINION BY LINN, J., April 16, 1928:

On one side are the cases in which it appears that owners of motor vehicles occasionally, or as incidental to general occupation, transport passengers for hire (Harder v. Public Service Commission, 90 Pa. Superior Ct. 373, and Frantz v. Public Service Commission, 93 Pa. Superior Ct. 416 this day decided, are examples); and on the other are those in which such owners hold themselves out generally as ready and willing to carry all who apply (of which Erb v. Public Service Commission, 93 Pa. Superior Ct. 421, also this day decided, is an example); the former are not common carriers within the Public Service Company Law, and the latter are.

The evidence in this record shows clearly that appellant belongs to the second class. He testified that for about two years he had been engaged in the Borough of Minersville generally in hiring his motorbus to carry groups of persons. That business grew until between March 19, 1927 and the following July 21, he made thirty-eight trips of that kind. "Q. In other words, as I understand you, anybody that wants to hire this bus can hire it to go from point to point for a certain fixed sum of money? A. Yes, sir......" "Q. In other words you have been hiring your bus [with a driver] wherever you could get anybody to hire it. It didn't make any difference from what point it started, did it? A. No, sir." Such holding out brings the service within the reach of the Public Service Company law. Nothing need be added to the discussion of the subject contained in the three cases referred to above.

Order affirmed at appellant's costs.