# Frantz, Appellant, *v.* The Public Service Commission of Pennsylvania.

*Public Service Commission—Jurisdiction—Common carrier—Group and party service—Occasional service—Act of May 11, 1927, P. L. 886.*

On a complaint before the Public Service Commission asking that respondent be required to cease operating his motor bus until he secured a certificate of public convenience, the testimony showed that he occasionally hired his bus and services to other persons. He neither solicited nor received any compensation from persons carried or charged or collected any fare from any one, and the only compensation he received was the hire agreed upon between him and the person who hired him to make the trip. In every such instance the starting point of the auto bus, its destination, the route over which it traveled, its time for leaving and returning, the number and character of the persons carried and the entire use, control, direction and management of the bus were in the person or persons who hired it for that occasion. At no time did respondent offer service common and available to the public in this connection.

Such services are not within the classification of a common carrier under the Public Service Company Law.

The Motor Vehicle Act of 1927 distinguishes between motor busses operated as common carriers for the carriage of passengers for hire and required to obtain a certificate of public convenience from the Public Service Commission and motor omnibusses of the same size and capacity, operated for the carriage of passengers for hire, but not as common carriers, and not required to obtain a certificate from the Public Service Commission. It is therefore lawful to operate a motor omnibus as a private carrier without securing a certificate of public convenience from the commission, and the legislature expressly recognized the fact.

Unless the owner or operator of the bus is a common carrier or holds himself out, in effect, as such, the Commission has no power of regulation over him; irrespective of the fact that if he were a common carrier he would be classified under group and party service.

Argued March 14, 1928. Appeal No. 19, March T., 1928, by respondent from order of The Public Service Commission, Complaint Docket No. 7313—1927, in the case of William Frantz v. The Public Service Commission of the Commonwealth of Pennsylvania. Be-

416, (1928).]   Statement of Facts—Opinion of the Court.

fore HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Complaint against the operation of a common carrier service without a certificate of public convenience.

The facts are stated in the opinion of the Superior Court.

The Commission issued an order requiring respondent to cease operating his motor truck until he obtained a certificate of public convenience. Respondent appealed.

*Error assigned,* among others, was the order of the Commission.

*Arthur H. Hull,* and with him *John B. McGurl* and *E. E. Beidleman,* for appellant.

*Otto E. Farquhar,* and with him *Thos. J. Perkins,* for intervenor.

*E. Everett Mather, Jr.,* Legal Assistant, and with him *John Fox Weiss,* Counsel, and *Wendell Y. Blanning,* Assistant Council, for the appellee.

OPINION BY KELLER, J., April 16, 1928:

The intervening appellee, East Penn Electric Company, filed a complaint with the Public Service Commission charging that William Frantz did on May 14, 1927, convey certain school children by auto-bus from Cass Township adjoining the Borough of Minersville to Valley Forge, and before and since that time had rendered group and party service, although he did not have a certificate of public convenience authorizing him to operate auto-busses for group and party service. It will be noted that the complaint did not charge Frantz with so operating as a common carrier.

An answer was filed and a hearing had, following which the Commission filed its report holding that

Frantz was operating as a common carrier in group and party service, and ordered him to cease and desist from such service unless or until he should have obtained a certificate therefor. Frantz appealed to this court.

The case depends on whether or not appellant has been operating as a common carrier in the service complained of. If he has, the order was properly made; if not, it will have to be reversed. The Commission's authority to regulate does not extend to private carriers.

The evidence in the case is brief and not disputed. Frantz, under a certificate issued by the Commission, is operating a motor bus for the transportation of passengers, as a common carrier, between the borough of Minersville and the Village of Buck Run. He also conducts a garage at Minersville where he is engaged in the business of storing and repairing automobiles and in the sale of automobile accessories.

In his garage at Minersville he has an auto bus or motor omnibus not named in his certificate of public convenience aforesaid, not marked as busses so authorized to be used in transporting passengers as a common carrier are required to be marked by the rules of the Public Service Commission, and not used by him for the transportation of passengers between Minersville and Buck Run under said certificate. He explicitly denied that this omnibus was used by him to render group and party service or any service to the public, or for the transportation of passengers or property as a common carrier, or for any public purpose. The proof was that on May 14, 1927, he hired this bus to James B. Neale, president of the Buck Run Coal Co.—(and with the bus his own services as driver)—to furnish an outing for certain school children to Valley Forge at the expense of Mr. Neale; that Mr. Neale paid him $100 for the use of the bus and his services as driver; that he [Frantz] did not solicit

or receive any rate of fare for or from any of the persons carried in said auto bus; that on three other occasions between January 1, 1927 and July 1, 1927, he had hired said bus, including his own services as driver, to other persons or organizations under a similar arrangement, to wit, Pottsville Good Will Hose Company for a trip to Sunbury; Minersville Band for a trip to Pottsville; and a trip for an unnamed person or organization from Minersville to Lakewood; that in all these trips he neither solicited nor received any compensation from the persons carried, or charged or collected any fare to or from anyone, and the only compensation he received was the hire agreed upon between him and the person who hired him to make the trip; that in every such instance the starting point of the auto bus, its destination, the route over which it traveled, its time for leaving and returning, the number and character of the persons carried and the entire use, control, direction and management of the bus were in the person or persons who hired it for that occasion; that at no time has he offered service common and available to the public in this connection.

There was no proof that appellant had ever held himself out to the public as a common carrier in this kind of service, had ever advertised as such or adopted any means of publishing his willingness to hire the bus to anybody and everybody for either a fixed or variable schedule of prices or had ever so expressed himself to anybody, or had in fact done anything which constituted him a common carrier in group and party service. The learned counsel for the Commission argued that the purchase of the facility was sufficient, of itself, to constitute him a common carrier, wholly overlooking the fact that the legislature in the Motor Vehicle Act of 1927, P. L. 886, distinguishes between motor busses operated as common carriers for the carriage of passengers for hire and required to obtain a certificate of public convenience from the Public

Service Commission (Sec. 102-h), and motor omnibusses, of the same size and capacity (see Sec. 707 and 708, p. 917), operated for the carriage of passengers for hire, but not as common carriers, and not required to obtain a certificate from the Public Service Commission (Sec. 102-i); and that it is therefore lawful to operate a motor omnibus as a private carrier without securing a certificate of public convenience from the Commission, and that the legislature expressly recognized the fact.

The Commission in its regulation of common carriers by auto bus has adopted certain classifications and enacted certain rules and regulations for each class. One of these classes is *group and party service.* The adoption of these classifications, however, furnishes no warrant for transcending its authority. Unless the owner or operator of the bus is a common carrier or holds himself out, in effect, as such, the Commission has no power of regulation over him; irrespective of the fact that if he were a common carrier he would be classified under group and party service. We thought we had pointed this out in Harder v. Public Service Commission, 90 Pa. Superior Ct. 373, where we said, "In order to subject the appellant to the jurisdiction of the Commission, it must be made to appear that he is a common carrier; that is, that he undertakes to carry for hire all persons indifferently who apply to him." The fact that the vehicle in that case was a truck temporarily converted into a bus to haul children to summer camps was not the controlling factor. It was the lack of any holding out on his part to the public as being engaged in the business of the carriage of passengers; any evidence of an undertaking by him to transport, in group and party service, all persons indifferently who applied to him.

The evidence lacking in that case is likewise wanting here.

The order of the Commission is reversed.