Keystone Warehousing Company, Appellant, *v.* Pub. Serv. Com.

Argued March 18, 1932.

Before
T REXLER , P. J., K ELLER , G AWTHROP , C UNNINGHAM ,
B ALDRIGE , S TADTFELD and P ARKER , JJ.

*C. Brewster Rhoads,* and with him *William H. Lathrop* and *Lucien B. Carpenter* and *Montgomery & McCracken,* for appellant, cited:   Harder v. Public Service Commission, 90 Pa. Superior Ct. 373; Frantz v. Public Service Commission, 93 Pa. Superior Ct. 416.

*E. Everett Mather, Jr.,* Assistant Counsel, and with him *John Fox Weiss,* Counsel, for appellee, cited:

Hoffman et al. v. Public Service Commission, 99 Pa. Superior Ct. 417; Consolidated Cigar Corp. v. Corbin, 285 Pa. 273.

R. W. Archbald, Jr., and with him Ralph C. Busser, Jr., and Harold S. Shertz, for Philadelphia Local Express, Philadelphia Drayage & Express Corp. and Merchants Parcel Delivery, intervening appellees.

OPINION BY TREXLER, P. J., July 14, 1932:

Complaint was made to the Public Service Commission that the Keystone Warehousing Company was operating as a common carrier, without the approval of the Commission. The facts are properly stated in the report of the Commission.

"The respondent began business on April 20, 1931. Before beginning business, the present manager of the respondent company solicited from various business houses in Philadelphia the business of transporting packages from their stores to customers in the city and the surrounding counties. The manager has continued to solicit business and states that he will continue to do so in the future. He interviewed representatives of about eighty firms and secured the business of eleven of them. With each of these shippers contracts were made. The contracts are practically uniform. The respondent agrees to deliver all merchandise consigned to him by the shipper, and the shipper agrees to consign to the respondent all merchandise for delivery in the towns served by it. The prices vary from fifteen to seventeen and one-half cents per package. The contracts have a term of one year and are subject to cancellation on thirty days' notice. It admitted, however, that it was willing to make similar contracts with all shippers in the same general class as those whom it now serves.

Although respondent has solicited business from a

large number of shippers, it has refused to make similar contracts with a few business houses. The reason for this refusal was that the goods could not be mixed with other goods, as in the case of meat, or that the packages were of sizes which were not convenient to handle.''

The Public Service Company Law of 1913 states ''the term 'common carrier' as used in this Act includes any and all common carriers, whether corporations or persons, engaged for profit in the conveyance of passengers or property, or both, between points within this Commonwealth by, through, over, above, or under the land or water, or both.''

Contention of the appellant is that it does not come under this designation for the reason that it does not hold itself out to the public generally, but serves only those with whom it has made written contracts. The remarks of our Brother CUNNINGHAM in Erb v. Public Service Commission, 93 Pa. Superior Ct. 421, very fitly apply to the case we are considering: ''Notwithstanding the extent of appellant's transportation business, as indicated by his testimony, he contends that it is a private and not a public carriage in which he is engaged. As we understand his argument it is predicated upon several grounds, namely, that he is working under so-called contracts with particular concerns; that he does not hold himself out to be a public carrier or solicit business indiscriminately; and that he has refused to haul for persons with whom he was not under contract. We are not here concerned with any question relative to his duty to carry, or liability while carrying, but solely with the nature of his present employment, that is, whether he is holding himself out as engaging in the transportation of goods for hire as a public employment or merely as a casual occupation incident to some other business and engaged in under special contracts of employment in each particular

case. The presence or absence of the sort of contracts or understandings disclosed by appellant's testimony should not be a controlling factor in the determination of the question involved. Contracts, express or implied, are an incident to nearly every form of transportation, whether by common or private carriage."

In Frantz v. Public Service Commission, 93 Pa. Superior Ct. 416, and in Harder v. Public Service Commission, 90 Pa. Superior Ct. 373, this court decided that the plaintiffs were not public carriers for the reason that their services were merely occasional, casual and incidental to some other business. These cases can be clearly distinguished on the facts from the present. The wide solicitation admittedly made by the plaintiff, and the scope of the service rendered are indicative of public service, and not incidental employment, and merely private and special engagements. The plaintiff's case is not helped by the fact that some applicants for services were rejected. These refusals were by reason of lack of facilities, or because they did not come within the particular line of business in which the plaintiff engaged, which was limited to small packages. Appellant had a receiving station and from there the packages were distributed by scheduled service according to the various routes, which were most convenient to secure their proper delivery. It is true that the charges were only approximately alike, but there were factors entering in the several engagements which effected the amount to be charged. A mere difference of rates would not be the determining factor.

We are all of the opinion that the plaintiff was a common carrier.

The order is affirmed. Appellant to pay the costs.