Aronimink Transportation Co. et al., Appellants, v.
P. S. C. et al.

Argued September 26, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Frank M. Hunter* of *Hannum, Hunter, Hannum & Hodge,* for appellant, cited: Gilman v. Somerset Farmers' Cooperative Telephone Co. et al., P. U. R. 1930-C, 98; Terminal Taxicab Co. v. Kutz, 241 U. S. 252; Levy's Transfer & Storage Co., P. U. R. 1932-A, 69; Southwest Utility Ice Co. v. Liebmann, P. U. R. 1932-A, 36.

*John V. Lovitt,* and with him *Frederic L. Ballard* of *Ballard, Spahr, Andrews & Ingersoll,* for intervening appellants, cited: Keystone Warehousing Co. v. Public Service Commission, 105 Pa. Superior Ct. 267; Bingaman v. Public Service Commission, 105 Pa. Superior Ct. 272.

*Samuel Graff Miller,* Legal Assistant, and with him

*E. Everett Mather, Jr.,* Assistant Counsel, and *John Fox Weiss,* Counsel, for appellee, cited: Harder v. Public Service Commission, 90 Pa. Superior Ct. 373; Frantz v. Public Service Commission, 93 Pa. Superior Ct. 416.

*Howard M. Lutz,* and with him *Wendell E. Warner* and *Arthur L. Reeser* of *Lutz, Ervin, Reeser & Fronefield,* for intervening appellee, cited: Standpoint Water & Light Co. v. Humbird Lumber Co., P. U. R. 1918-B, 535; Wenzel v. Fulton, P. U. R. 1927-A, 501.

Opinion by James, J., February 1, 1934:

The Aronimink Transportation Company, a certified common carrier, filed a complaint against the respondent on the ground that it was operating as a common carrier of passengers by a motor vehicle without a certificate of public convenience from the Public Service Commission. A hearing was had and the petition was dismissed by the Commission for the reason that the bus service rendered by the respondent is not a public engagement but is private in character; that respondent is not a public service company and that the Commission had no jurisdiction, from which order an appeal was taken by the Aronimink Transportation Company. Later the Philadelphia Rapid Transit Company and the Philadelphia Rural Transit Company were granted leave to intervene as intervening appellants.

The facts are not in dispute. The Shirley Corporation, respondent, is a Pennsylvania corporation owning and operating two apartment houses, one known as "Shirley Court," located at the intersection of Long Lane and Locust Street, in Upper Darby Township, Delaware County, less than one mile from the 69th Street Terminal of the Market Street Elevated operated by the Philadelphia Rapid Transit Company, and

the other, "Stonehurst Court," located at the intersection of Walnut Street and Madeira Road in the same township, about one-half mile from the 69th Street Terminal. These buildings consist of 148 and 140 apartments, respectively, and the corporation's sole revenue consists of rentals derived therefrom.

In May, 1932, respondent purchased a 21-passenger bus, which was duly licensed by the Bureau of Motor Vehicles as a motor omnibus as provided in Section 1 of the Act of 1931, P. L. 751, amending Section 102 of the Act of May 1, 1929, P. L. 905, and began to operate it between the apartment buildings and the terminal over a fixed route from 6:30 A. M. to 7:30 P. M. on week days and until 3:30 P. M. on Saturdays, on a frequency of thirty minute schedules during the middle of the day and on a fifteen minute schedule in the morning and evening periods but it was not operated on Sundays or holidays or after 7:30 P. M.

The only passengers carried on the bus are respondent's tenants and members of their families residing in the apartment houses, to whom identification cards are issued quarterly. Guests or friends of tenants are not carried, and even tenants are not permitted to board or alight from the bus at any point between either one of the apartment houses and the 69th Street Terminal. The bus carries a prominent sign on the front bearing the words, "Private Bus, Shirley Court and Stonehurst Court." No direct charge is made for the service. The leases contain no provision obligating respondent to maintain the bus service nor is there any variation in the amount of rent paid by a tenant due to whether he does or does not use the bus. There is no restriction as to the number of times a tenant may use the bus. Respondent advertises that it furnishes free bus transportation between the apartment houses and the terminal. The admitted purpose of owning and operating the bus is to attract new tenants

and hold respondent's present occupants. The operating expense of the bus and driver are paid out of the revenue received from the apartment rentals.

"The Public Service Company Law of 1913 states 'the term "common carrier" as used in this act includes any and all common carriers, whether corporations or persons, engaged for profit in the conveyance of passengers or property, or both, between points within this Commonwealth by, through, over, above, or under the land or water, or both.'" Keystone Warehousing Co. v. P. S. C., 105 Pa. Superior Ct. 267, 161 A. 891.

What constitutes a common carrier has been set forth in various ways by the various authorities. "A common carrier is one that holds itself out as ready to engage in the transportation of goods for hire as a public employment, and not as a casual occupation." 10 C. J. 41, Sec. 10.

"A common carrier of passengers is one who undertakes for hire to carry all persons indifferently who may apply for passage, so long as there is room, and there is no legal excuse for refusing. A public, common carrier of passengers is distinguished from private carriers by the franchises conferred upon it, and the obligations, restrictions, and liabilities with which it is charged, all flowing from considerations of public policy. It must carry all alike, and for a reasonable compensation furnish reasonable accommodations, must continuously operate its line, and must submit to reasonable regulation." 4 R. C. L. 1000, Sec. 468.

"A private carrier is one who, without being engaged in the business of carrying as a public employment, undertakes to deliver goods in a particular case for hire or reward. He may carry or not, as he deems best. He is but a private individual and is invested, like all other private persons, with a right to make his own contracts." 10 C. J. 38, Sec. 4.

"The distinction between a public or common carrier of passengers and a special or private carrier of the same is that it is the duty of the former to receive all who apply for passage, so long as there is room and no legal excuse for refusing, while such duty does not rest upon the latter." 10 C. J. 607, Sec. 1033.

In Harder v. Public Service Commission, 90 Pa. Superior Ct. 373, 375, in an opinion by HENDERSON, J., we said: "In order to subject the appellant to the jurisdiction of the Commission, it must be made to appear that he is a common carrier; that is, that he undertakes to carry for hire all persons indifferently who apply to him." Following this case, in Frantz v. Public Service Commission, 93 Pa. Superior Ct. 416, Judge KELLER, delivering the opinion of the court, said at p. 420: "Unless the owner or operator of the bus is a common carrier or holds himself out, in effect, as such, the Commission has no power of regulation over him; irrespective of the fact that if he were a common carrier he would be classified under group and party service. We thought we had pointed this out in Harder v. Public Service Commission, 90 Pa. Superior Ct. 373, where we said, 'In order to subject the appellant to the jurisdiction of the Commission, it must be made to appear that he is a common carrier; that is, that he undertakes to carry for hire all persons indifferently who apply to him.' "

An examination of the service which was rendered by the respondent in the instant case clearly shows that it is not a common carrier within the meaning of the Act. It serves a special class of persons, whom it specially selects as its tenants, at special times and for no direct charge. At no time is it under an obligation, either by reason of its advertisement or of the tenancy, to continue this service; it may be revoked at will. The service rendered is merely incidental to the main business of maintaining the apartment

420

houses. The fact that the apartment houses are used by about eight hundred individuals does not constitute them such a constituent part of the public as renders service to them "public service," so as to bring repondent within the classification of common carrier.

"The public or private character of the enterprise does not depend however, upon the number of persons by whom it is used, but upon whether or not it is open to the use and service of all members of the public who may require it, to the extent of its capacity." Borough of Ambridge v. P. S. C., 108 Pa. Superior Ct. 298, 304, 165 A. 47.

We have examined with much care the many cases cited by appellant from other jurisdictions but we do not believe them to be controlling in view of the positive rule laid down by our courts as the test by which a common carrier is to be determined. We are all of the opinion that the respondent was not a common carrier.

The order is affirmed, the appellant to pay the costs.