Felix, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued September 10, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*David H. H. Felix*, in propria persona, with him *Felix & Felix*, for appellant.

*Ralph S. Sapp*, Assistant Counsel, with him *Thomas M. Kerrigan*, Counsel, for Pennsylvania Public Utility Commission, appellee.

*E. Everett Mather*, with him *John B. King*, and *Peter F. Pugliese*, for utility company, intervening appellee.

OPINION BY WRIGHT, J., November 14, 1958:

On August 20, 1957, David H. H. Felix filed with the Pennsylvania Public Utility Commission a complaint against the Bell Telephone Company of Pennsylvania requesting that the rates charged by the Company for listings in its classified directory be declared a matter within the jurisdiction of, and subject to regulation by, the Commission. On April 7, 1958, after hearing, the Commission dismissed the complaint for lack of jurisdiction. Felix has appealed.

Appellant, a lawyer engaged in active practice in the City of Philadelphia, is a subscriber to the Com-

pany's telephone service. His name appears in the Company's alphabetical directory, and is also listed free of charge in standard type in the Company's classified directory under the classification "Lawyers". Appellant has as associates two other lawyers, namely, Myron E. Barg and Kathryn M. Renzulli, who regularly make use of appellant's telephone. Their names are listed in the Company's alphabetical directory in return for an additional monthly payment by appellant as a part of his telephone service contract. The Company's rates and practices for alphabetical directory listings, are covered by the tariff filed by it with the Commission, which tariff expressly excludes listings in the classified directory. The names of Barg and Renzulli are also listed in the Company's classified directory under the classification "Lawyers", by virtue of a separate contract unrelated to the Company's tariffs, and not by virtue of appellant's telephone service contract. For some years the charge made by the Company for such additional listings in its classified directory was $1.00 per month each. This charge was subsequently changed, first to 50¢, and later to 75¢. On June 18, 1957, appellant was notified that the charge was to be raised to $1.00 per month, to which increase appellant took exception.

The statement of the question involved, as submitted by appellant, is as follows: "Where the Pennsylvania Public Utility Commission has declared the listing, in light face type, of business and professional subscribers to the business service of the Bell Telephone Company of Pennsylvania to be a public service and hence, subject to its jurisdiction, should not the word 'subscriber' include all listings properly submitted by the 'subscriber'?" The Company's counterstatement of the question involved is as follows: "Where a telephone company regularly publishes the

listing of a subscriber to its business service in its Alphabetical Directory and also publishes such listing in its Classified Directory, is the charge made under special contract to list in standard type in the Classified Directory other persons who are not themselves subscribers to telephone service within the jurisdiction of the Pennsylvania Public Utility Commission?" The Commission's counter-statement of the question involved is as follows: "Where the Bell Telephone Company of Pennsylvania provides all subscribers with a listing in its alphabetical directory, furnishes certain business and professional subscribers with a free listing in its classified directory, and charges such business and professional subscribers under separate contract for classified directory listing of non-subscribers under the subscriber's telephone number, is not the charge and contract for non-subscriber listing of such private nature as to be outside the jurisdiction of the Pennsylvania Public Utility Commission?"

In appellant's words, "The question presented by this appeal is narrow. 'Narrow' in the sense that this court is called upon to decide only one point of law: 'Who or what constitutes a subscriber to telephone service?' " He argues that the " 'subscriber' . . . is the person, persons, organization, organizations and members thereof who use the particular telephone". Since the rates charged for additional listings in the alphabetical directory are regulated, appellant contends that additional listings in the classified directory should also come within the Commission's jurisdiction and the charges therefor should be regulated. The answer of the Company and the Commission is that the classified directory is an advertising project competing with other advertising media, that the Public Utility Law[1]

---

[1] Act of May 28, 1937, P. L. 1053, 66 P.S. 1101 et seq.

does not contemplate control of such business, and that the commission should not take jurisdiction where the question is concerned with standard type listings of non-subscribers in the classified directory.

"The area of administrative activity is not boundless; the commission's power is statutory; and the legislative grant of power to act in any particular case must be clear": *West Penn Railways Co. v. Pa. P.U.C.*, 135 Pa. Superior Ct. 89, 4 A. 2d 545. The Commission is limited in its jurisdiction to the regulation of public service as distinguished from private service: *Borough of Ambridge v. P. S. C.*, 108 Pa. Superior Ct. 298, 165 A. 47. In 1943, the Commission held in *Steerman v. Bell Telephone Company of Pennsylvania*, 24 Pa. P.U.C. 316, that the undertaking of a telephone company to publish under a descriptive heading in its classified directory the names of all business and professional subscribers, who desire it, "is a dedication to that part of the telephone using public", and to such limited extent constitutes a public service. The *Steerman* case involved the request of a Philadelphia lawyer that the Company list the names of two of his associates, not subscribers, in its classified directory at the same rate charged for additional listings in the alphabetical directory. The Commission stated that the Company was under no obligation "to supply complainant's 'associates' with the same service as that furnished the complainant because the associates are not subscribers and, therefore, not entitled to the same privileges. The tariff provides for additional listings at 25 cents in the alphabetical directory but is silent as to additional listings in the classified directory. Therefore, since the tariff does not provide for additional classified listings, we are of the opinion that if complainant has an agreement (contract) with respondent for additional such listings, it is of such a private

nature that his remedy at law for breach of contract is adequate and the Commission is without jurisdiction". No appeal was taken from that order.

In the instant case, the Commission found that the standard type listing in the classified directory is primarily for convenience in locating the telephone number of business and professional subscribers more quickly, whereas the bold face listings and larger displays are primarily for advertising purposes. In either case, the element of advertising is present and this is recognized in the contracts introduced in the record. In each instance the printed portion of the contract is designated an "application for advertising". As an advertising medium the classified directory is similar to the sale of appliances or equipment by utilities. Such activities are normally not within the jurisdiction of the Commission: *Erie Lighting Co. v. Pa. P.U.C.*, 131 Pa. Superior Ct. 190, 198 A. 901. See also Section 912 of the Public Utility Law, 66 P.S. 1352. Applying this principle to the facts, the Commission concluded that the classified directory is subject to its control only to the limited extent that each subscriber, who so desires, is entitled to a free listing therein. By voluntarily granting such free listings to subscribers the Company has made a "dedication" to that extent, but other listings in the classified directory, particularly the listings of non-subscribers, are not a part of the Company's public telephone service.

The listings of subscribers in the Company's directories is properly of interest to the Commission and within its regulatory control only to the extent that they are a part of the public utility service. The Commission's position is that, insofar as a directory is published as a part of the Company's function to provide an adequate telephone service, such directory operation comes under its regulatory control; and converse-

ly that, insofar as a directory is published as an advertising medium, such directory operation is not subject to regulation. The distinction drawn by the Commission in the *Steerman* case, and followed in the case at bar, is that standard type listings of business and professional subscribers in the classified directory is a public service because of dedication to public use, whereas listings of non-subscribers in the classified directory is a private undertaking.

It is significant that appellant is not here complaining as a subscriber but as one who entered into a separate and private contract for the listing of his associates in an advertising medium. Appellant is fully listed in both directories, and has no complaint in that regard. Nor is there any suggestion that the Company is charging other subscribers a different rate than appellant's for additional classified listings. The primary contract between appellant and the Company is a subscriber contract, public in nature. The secondary contract between appellant and the Company relates to the listing of appellant's associates in an advertising medium, and is private in nature. We are in accord with the position of the Commission that appellant's associates, not being subscribers to the telephone service, are not entitled to the privileges relative to directory listings which are accorded subscribers, and that the Company is not operating a public service in selling to a subscriber listings of the subscriber's associates in the classified directory.

Since appellant's associates are not subscribers, and since the classified directory, except insofar as standard type listings furnished free to subscribers are concerned, is an advertising medium and not a public service, the Commission did not err in declining to take jurisdiction of appellant's complaint.

Order affirmed.

DISSENTING OPINION BY RHODES, P. J.:

The Pennsylvania Public Utility Commission in this instance has relinquished jurisdiction over a matter clearly within its statutory duty to regulate. In my opinion the affirmance of that action by the majority of this Court disregards the obvious policy, purpose, and provisions of the Public Utility Law, and permits the Bell Telephone Company of Pennsylvania to render a substantial utility service to the public without restraint. Accordingly, I am obliged to dissent.

It is undisputed that the commission has jurisdiction over the rates charged subscribers for telephone service, which includes the service of listing the subscriber's name in both the alphabetical and classified directories. It is also admitted that the commission has jurisdiction over the rates charged subscribers for the listings of additional names in the alphabetical directory. To say therefore that the commission does not have jurisdiction over the rates charged subscribers for additional listings in the classified directory is to draw a distinction without a difference. If, as the majority opinion recognizes, both the listing of the subscriber's name in the classified directory and the listing of additional names in the alphabetical directory are public services within the purview of the Public Utility Law, it follows that the listing of additional names in the classified directory is a public service. To conclude that additional listings in the classified directory are not matters of public service because they are founded in private contract is to assume the very point in issue. Admittedly the mere designation of the contract between the utility and the patron, or the name given the application for service, as in this case an "application for advertising," does not control the question of public service. If it did, it would supply a ready subterfuge to avoid regulation.

I disagree further with the analogy drawn by the majority between the classified directory and the competitive sale of appliances by utilities. There is little or no similarity. The classified directory is virtually a non-competitive service solicited from, and provided essentially to, users of telephone service; in many instances the alphabetical and classified directories are inseparably bound together in the same volume. Other business and professional directories are compiled, and the listings solicited, under circumstances far different from those which prevail in the case of the classified telephone directory.

It is also apparent that the complaint in this proceeding does not involve a matter which is de minimis. The gross revenue of the Bell Telephone Company from the classified directory amounted to over seventeen million dollars for the year 1956, approximately five hundred ten thousand dollars of which was derived from plain type extra listings.

It is illogical and inconsistent to conclude otherwise than that the listing of additional names in the classified directory at the request of telephone subscribers is a matter within the regulatory jurisdiction of the commission.

I would reverse the order of the commission dismissing the complaint for lack of jurisdiction, and remand the record to the commission for appropriate action.

ERVIN, J., joins in this dissent.