## Kiefer v. The Bell Telephone Co.

*C. Holmes Wolfe*, for plaintiff.

*B. A. Karlowitz*, for defendant.

CERCONE, J., October 18, 1966.—The court has before it plaintiff's preliminary objections to defendant's new matter in the instant suit in assumpsit.

Plaintiff alleged that he contracted with defendant for directory advertising in defendant's 1961 Pittsburgh Classified Directory, that said advertising was omitted from the directory, and now claims damages for such omission.

Defendant, in its answer, admitted to a portion of the claimed omission and, in its new matter, averred that the contract between plaintiff and defendant exculpated defendant from any liability for errors or omissions in advertising.

The court is of the opinion that the preliminary objections must be dismissed. Although defendant is a public utility engaged in providing public as well as private service, the service in question in the instant case is of a private nature and, therefore, should be considered as a contract between two private concerns, and not one involving public utilities: Felix v. Pennsylvania Public Utility Commission, 187 Pa. Superior Ct. 578 (1958).

Considered as such, we find the law to be essentially as stated in Restatement, Contracts §574:

"A bargain for exemption from liability for the consequences of negligence not falling greatly below the standard established by law for the protection of others against unreasonable risk of harm, is legal except in the cases stated in §575".

See also Buckley v. General Oil Burner Co., 28 D. & C. 2d 730 (C. P. Lehigh Co., 1962).

The exceptions to §574, set forth in §575(1)(b), are not applicable in this case, since they deal with public service type contracts and, as noted hereinabove, we do not find the instant contract to be one dealing with public services. The court is not unmindful of the case of Bell Telephone Company of Pennsylvania v. Sorkin, 30 D. & C. 2d 510 (C. P. of Delaware Co., 1963), wherein the Court of Common Pleas of Delaware County came to an opposite conclusion.

We hold that in contracts of the instant nature, the parties can agree to the exculpation of liability for errors or omissions arising in connection with the publication of classified directories, and hereby dismiss plaintiff's preliminary objections.

### ORDER OF COURT

And now, October 18, 1966, after argument in open court and upon consideration of briefs submitted it is ordered, adjudged and decreed that the preliminary objections filed by plaintiff in the within captioned case are hereby dismissed.