## Kots v. General Telephone Directory Co.

*Robert C. Ward,* for plaintiff.
*John G. Gent,* for defendant.

JIULIANTE, *J.,* December 6, 1983—This assumpsit and trespass action arises out of defendant's breach of a classified directory advertising contract. Plaintiff contracted with defendant for three listings in addition to the alphabetical listing provided in the telephone directory published by defendant. The listings were omitted; plaintiff claims his optometry business suffered as a result and seeks damages.

Defendant has moved for summary judgment on the issue of damages, claiming that plaintiff's recovery is limited by tariffs filed with the Pennsylvania Public Utility Commission (P.U.C.). We find that defendant is not a public utility as defined in 66 Pa. C.S. §102 and therefore does not have the benefit of the limitation of liability for its omissions regarding supplemental advertising. We further find that the limitation of liability applies to the alphabetical listing in the classified section of the directory.

In Felix v. Pa. P.U.C., 187 Pa. Super. 578, 146 A.2d 347 (1958), an advertiser sought a declaratory judgment that the advertising rates of the telephone directory were within the jurisdiction of the P.U.C. The court held that "yellow pages" advertising was a matter of contract between private parties and therefore not subject to P.U.C. jurisdiction. The court noted that alphabetical listings in the white and yellow pages, provided at no additional charge to a business subscriber was a public service within the jurisdiction of the P.U.C., being essential to the successful operation of the telephone system. Thus a dichotomy was established between alphabetical and supplemental yellow pages listings.

This dichotomy was affirmed in Behrend v. Bell Telephone Company, 242 Pa. Super. 47, 363 A.2d 1152 (1976), (remanded, 473 Pa. 320, affirmed 257 Pa. Super. 35) at 242 Pa. Super. 47, N. 16 (pp. 71-72). In Behrend, plaintiff claimed damages for the omission of his name from the alphabetical listing and not for the omission of any supplemental advertisements. See 242 Pa. Super. at 54. Behrend does not apply to this case except to the alphabetical listings.

Therefore, we conclude that plaintiff's damages for the omission of his name from the regular listings are limited by tariff, any provable damages as a result of the omission of plaintiff's supplemental listings are recoverable.

## ORDER

And now, this December 6, 1983, defendant's motion for summary judgment is granted with respect to the omission of plaintiff's name from any listing provided as part of his regular service and denied as to damages sustained as a result of the omission of plaintiff's supplemental listings.