601 A.2d 825

**Richard N. BASH, D.D.S., Appellant,**

**v.**

**The BELL TELEPHONE COMPANY OF PENNSYLVANIA, Penn Del Directory and Gail Markowski.**

Superior Court of Pennsylvania.

Argued Nov. 21, 1991.

Filed Jan. 9, 1992.

David C. Burghen, Doylestown, for appellant.

Nancy Gellman, Philadelphia, for appellees.

Before CAVANAUGH, POPOVICH and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from an order sustaining appellees' preliminary objections, which dismissed appellant's complaints against two parties, Penn Del Directory (Penn Del)

and Gail Markowski,[1] and dismissed with prejudice three of his four counts against Bell Telephone Company of Pennsylvania (Bell). On appeal, appellant contends that the trial court improperly sustained appellees' preliminary objections in the nature of a demurrer. For the following reasons, we quash appellant's appeal as to the dismissal of his count for punitive damages, and affirm the trial court's order sustaining appellees' preliminary objections with respect to the complaint against Penn Del and the other counts against Bell.

On May 13, 1990, appellant entered into a written agreement, allegedly with Bell and Penn Del, for yellow pages directory advertising. On September 25, 1990, appellant learned that the advertisements had not been published. As a result, appellant filed a complaint against Bell, Penn Del and sales representative Gail Markowski on October 26, 1990, in the Court of Common Pleas of Bucks County. In his complaint, appellant stated four counts against the three defendants: (1) breach of contract; (2) negligence; (3) punitive damages; and (4) violation of the Unfair Trade Practices Act, 73 Pa.S.A. § 201–1, *et seq.* On November 21, 1990, all defendants filed preliminary objections in the nature of a demurrer. Bell's preliminary objections challenged counts two through four of appellant's complaint, as well as the language in count two which pleaded damages for emotional distress. Penn Del and Markowski incorporated by reference the preliminary objections of Bell, and additionally demurred on the grounds that Penn Del and Markowski could not be liable to appellant because Bell was their disclosed principal. On December 17, 1990, appellant stipulated to the dismissal with prejudice of counts I, III and IV, as to defendant Markowski. The trial court subsequently entered an order dated January 30, 1991, sustaining the preliminary objections of Markowski and Penn Del, and sustaining Bell's preliminary objections as to "all counts of Plaintiff pertaining to actions in reference to negligence."

1. Appellant only appeals the dismissal of his complaint against Penn Del.

Order, January 30, 1991. The court further directed that "Plaintiff's Complaint shall be restricted to a cause of action based upon the express written contract between the parties." *Id.* This timely appeal followed.

## I.

Before we can reach the issue of whether the trial court properly sustained the preliminary objections of appellees Penn Del and Bell, we must first address the issue of whether the court's order is immediately appealable.[2] It is well settled that only a final order is appealable, unless otherwise provided by statute. *Praisner v. Stocker,* 313 Pa.Super. 332, 336, 459 A.2d 1255, 1258 (1983) (citations omitted). "In ascertaining what is a final appealable order ... we must look beyond the technical effect of the adjudication to its practical ramifications.... A final order is generally one which terminates the litigation, disposes of the entire case, or effectively puts the litigant out of court." *Jackson v. Moultrie,* 288 Pa.Super. 252, 255, 431 A.2d 1033, 1034–35 (1981) (citations omitted).

In view of these principles, it is immediately apparent that the order is appealable with respect to dismissal of the complaint against Penn Del. "[T]he dismissal of a complaint as to one of several defendants is a final and appealable order." *Motheral v. Burkhart,* 400 Pa.Super. 408, 415, 583 A.2d 1180, 1184 (1990) (citing *United States National Bank in Johnstown v. Johnson,* 506 Pa. 622, 629, 487 A.2d 809, 813 (1985)). However, the appealability of the order dismissing three of appellant's four counts against Bell is not as clear.

"As a general rule, an order dismissing some but not all counts of a multi-count complaint is interlocutory and not appealable." *Praisner v. Stocker, supra,* 313 Pa.Super. at 337, 459 A.2d at 1258. However, the *Praisner* court enun-

2. We note that although appellees do not challenge the appealability of the court's order sustaining appellees' preliminary objections, it is appropriate for us to raise this issue *sua sponte. Drohan v. Sorbus, Inc.,* 401 Pa.Super. 29, 34, 584 A.2d 964, 966 (1990) (citing *Fried v. Fried,* 509 Pa. 89, 91, 501 A.2d 211, 212 (1985)).

ciated an exception to this rule when it held that if the causes of action are separate and distinct, dismissal of some but not all claims is immediately appealable. *Id.*, 313 Pa.Superior Ct. at 341, 459 A.2d at 1260.

Subsequent decisions have clarified this exception through application. Most recently, an *en banc* panel of this court examined whether an action for professional negligence for failing to administer amniocentesis was separate and distinct from one alleging professional negligence for failure to obtain informed consent. In *Jenkins v. Hospital of Medical College of Pennsylvania*, 401 Pa.Super. 604, 585 A.2d 1091 (1991), the court stated that in determining whether a plaintiff has been "put out of court" when a particular claim is dismissed, "we look to see whether the claims that have been dismissed and those that remain 'request different relief for different harms.'" *Id.*, 401 Pa.Superior Ct. at 611–12, 585 A.2d at 1094 (quoting *Daywalt v. Montgomery Hospital*, 393 Pa.Super. 118, 122, 573 A.2d 1116, 1118 (1990)).

In *Cloverleaf Development, Inc. v. Horizon Financial*, 347 Pa.Super. 75, 500 A.2d 163 (1985), this court decided an issue closely analogous to the instant one. In *Cloverleaf*, the trial court dismissed all counts of a complaint except for a breach of contract count. The remaining claims were counts for wrongful interference with prospective contractual relations and intentional infliction of emotional distress, as well as a separate count for punitive damages. The court distinguished claims that are separate and distinct "from the situation in which separate counts have been used to state *alternate theories to support recovery on the same cause of action.*" *Id.*, 347 Pa.Superior Ct. at 81, 500 A.2d at 167 (emphasis added).

First, the court followed *Praisner, supra*, in holding that "where one of several counts seeks to recover punitive damages in a complaint alleging breach of contract, a dismissal of that count does not put the plaintiff out of court on his underlying cause of action. Only if he is successful in his cause of action of breach of contract does

the measure of damages become relevant." *Id.* (quoting *Praisner, supra,* 313 Pa.Super. at 341, 459 A.2d at 1260). Next, the court concluded that the appellants were out of court as to their wrongful interference and intentional infliction claims because these claims were separate causes of action. Thus, their dismissal was immediately appealable.

In the instant case, appellant's claim for punitive damages in count III is not final and appealable because, as in *Cloverleaf,* the contract action remains unresolved. Thus, we quash appellant's appeal with respect to this claim.

Count II, the claim for negligence, and count IV, the claim for violation of the Unfair Trade Practices Act, however, are both separate and distinct from the breach of contract claim. While the contract action simply states a failure to conform to the terms of the written contract, and seeks lost profits and alternative advertising costs, the negligence claim alleges a failure to act in accordance with the skill reasonably expected of a similarly situated advertising specialist, and seeks damages for physical pain and mental anguish. Because the negligence claim alleges harm and seeks relief entirely different from that pleaded in the breach of contract claim, the negligence claim is separate and distinct. Thus, the order dismissing it is a final, appealable order.

Similarly, appellant's claim under the Unfair Trade Practices Act is also separate and distinct from the breach of contract claim. In this claim, appellant alleges that appellees "falsely represented to Plaintiff that its advertisement services and products would be provided in a workmenlike [sic] manner and be of a reasonable quality." He seeks, *inter alia,* treble damages and compensation for the diminished fair market value of his business. This is a separate statutory claim, and as such, is not an alternative way of stating his breach of contract claim. Thus, its dismissal is immediately appealable. *See Hardy v. Pennock Insurance Agency, Inc.,* 365 Pa.Super. 206, 213, 529 A.2d 471, 475 (1987) (claim under Unfair Trade Practices and Consumer

Protection Law held separate from action in assumpsit for violation of agreement).

## II.

We may now turn to the issue of whether the trial court properly sustained appellees' preliminary objections in the nature of a demurrer, dismissing appellant's complaint against Penn Del, and counts II and IV against Bell. Our scope of review of an order sustaining preliminary objections in the nature of a demurrer is well-settled:

A demurrer can only be sustained where the complaint is clearly insufficient to establish the pleader's right to relief. *Firing v. Kephart,* 466 Pa. 560, 353 A.2d 833 (1976). For the purpose of testing the legal sufficiency of the challenged pleading a preliminary objection in the nature of a demurrer admits as true all well-pleaded, material, relevant facts, *Savitz v. Weinstein,* 395 Pa. 173, 149 A.2d 110 (1959); *March v. Banus,* 395 Pa. 629, 151 A.2d 612 (1959), and every inference fairly deducible from those facts, *Hoffman v. Misericordia Hospital of Philadelphia,* 439 Pa. 501, 267 A.2d 867 (1970); *Troop v. Franklin Savings Trust,* 291 Pa. 18, 139 A. 492 (1927). The pleader's conclusions or averments of law are not considered to be admitted as true by a demurrer. *Savitz v. Weinstein, supra.*

Since the sustaining of a demurrer results in a denial of the pleader's claim or a dismissal of his suit, a preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted. *Schott v. Westinghouse Electric Corp.,* 436 Pa. 279, 259 A.2d 443 (1969); *Botwinick v. Credit Exchange, Inc.,* 419 Pa. 65, 213 A.2d 349 (1965); *Savitz v. Weinstein, supra; London v. Kingsley,* 368 Pa. 109, 81 A.2d 870 (1951); *Waldman v. Shoemaker,* 367 Pa. 587, 80 A.2d 776 (1951). If the facts as pleaded state a claim for which relief may be granted under any theory of law then there is sufficient doubt to require the preliminary objection in the

nature of a demurrer to be rejected. *Packler v. State Employment Retirement Board,* 470 Pa. 368, 371, 368 A.2d 673, 675 (1977); *see also, Schott v. Westinghouse Electric Corp., supra,* 436 Pa. at 291, 259 A.2d at 449. *Mudd v. Hoffman Homes for Youth, Inc.,* 374 Pa.Super. 522, 524–25, 543 A.2d 1092, 1093–94 (1988) (quoting *County of Allegheny v. Commonwealth,* 507 Pa. 360, 372, 490 A.2d 402, 408 (1985)).

### A.

■ In count II of his complaint, captioned "Negligence," appellant alleged:

The omission of Plaintiff's display advertisements and listings ... from the Doylestown and Lansdale phone books resulted from the carelessness and negligence of Defendants in that, individually and/or collectively, they:

a. failed to exercise the judgment, care and skill that would be reasonably expected from similarly situated advertising specialists;

b. failed to insure that proper procedures were followed in transmitting Plaintiff's advertisement specifications to those individuals responsible for printing the advertisements....

Complaint, October 26, 1990, at para. 19. Appellant alleged damages in the nature of emotional distress, mental anguish, embarrassment and depression, and sought compensation in excess of $20,000. *Id.* at para. 19 & 21. Thus, appellant sought to recover against appellee in tort for appellee's failure to perform pursuant to the terms of the contract.

Our federal district court, in *Closed Circuit Corporation of America v. Jerrold Electronics Corporation,* 426 F.Supp. 361 (E.D.Pa.1977), provided a thorough analysis of the difference between tort and contract actions:

Although mere non-performance of a contract does not constitute a fraud ... it is possible that a breach of contract also gives rise to an actionable tort.... "To be construed as in tort, however, the wrong ascribed to

defendant must be the gist of the action, the contract being collateral." 1 C.J.S. *Actions* § 46. *A claim ex contractu cannot be converted to one in tort simply by alleging that the conduct in question was wantonly done.*

*Closed Circuit Corp.*, 426 F.Supp. at 364 (citations omitted) (emphasis added). Similarly, the court in *Iron Mountain Security Storage Corporation v. American Specialty Foods, Inc.*, 457 F.Supp. 1158 (E.D.Pa.1978) stated,

[a]lthough they derive from a common origin, distinct differences between civil actions for tort and contract breach have developed at common law. Tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals.... To permit a promisee to sue his promisor in tort for breaches of contract inter se would erode the usual rules of contractual recovery and inject confusion into our well-settled forms of actions.

*Id.* at 1165 (citing in part *Glazer v. Chandler*, 414 Pa. 304, 309–09, 200 A.2d 416, 418 (1964)).

The obligations of the parties in the instant dispute are a matter of private contract law. Although certain services, such as alphabetical directory listings, are considered by the courts to be a public service, and thus governed by Public Utility regulations, contracts for the purchase of supplemental advertisement listings are considered to be a private contractual matter. *Felix v. Pennsylvania Public Utility Commission*, 187 Pa.Super. 578, 582–83, 146 A.2d 347, 350 (1959). *See also Behrend v. Bell Telephone Co.*, 242 Pa.Super. 47, 71–72 n. 16, 363 A.2d 1152, 1164 n. 16 (1976) ("yellow pages listings and advertisements are generally considered outside the realm of necessary services and are usually the subject of a private contract between the customer and the telephone company") (citations omitted), *opinion vacated on other grounds*, 473 Pa. 320, 374 A.2d 536 (1977), *rev'd and remanded in accordance with prior opinion*, 257 Pa.Super. 35, 390 A.2d 233 (1978). Thus, in

this case, the parties' obligations are defined by the terms of the contract, and not by the larger social policies embodied in the law of torts.

Turning to the instant contract, it provided for appellee to publish a quarter-page display advertisement and listings in the Dentist Guide, Locality Guide and alphabetical section of the 1990–91 editions of the Eastern Montgomery, Doylestown and Lansdale yellow pages. Appellant agreed to pay $1,059.25 monthly. On the reverse side of the agreement, paragraph 9 of the terms and conditions provided:

> The Telephone Company's liability for damages resulting from errors in or omissions of the advertising or listings provided herein shall be limited to an amount not exceeding the monthly charges for advertising or listings involved.

Such contractual limitations of liability are generally enforced against the customer even in those jurisdictions which would allow recovery to subscribers against the telephone company for errors in white page listings. *Behrend, supra,* 242 Pa.Super. at 71 n. 16, 363 A.2d at 1164 n. 16 (citing *Wilson v. Southern Bell Telephone & Telegraph Co.,* 194 So.2d 739 (La.App.1967)). Thus, appellant is limited to the monthly charges which he paid for the omitted advertising. Consequently, the court acted properly by sustaining Bell's preliminary objections and dismissing appellant's negligence count.[3]

### B.

Appellant next contends that "[t]he trial court erred as a matter of law in dismissing count IV of appellant's complaint ('violation of the unfair trade practices act') when appellant moved to restate the claim as 'fraud' and when he properly alleged all elements of that cause of action." Appellant's Brief at 28. Specifically, appellant concedes that he has no private cause of action under 73 Pa.S.A.

---

3. Because of our disposition of count II, we need not address appellees' more specific argument that appellant could not seek damages for emotional distress under the negligence claim.

§ 201–9.2, because section 201–9.2 only provides a private cause of action for personal, family or household purchases.[4] However, he argues that "said claim should have been upheld as one viable for fraud as the allegations set forth thereunder meet all of the elements of that cause of action." Appellant's Brief at 29.[5]

In his answer to Bell's preliminary objections, appellant sought to retitle count IV as a claim for fraud. He did not ever file a motion to amend. However, in its supplemental memorandum of law in support of its preliminary objections, Bell treated appellant's answer as a request for leave to amend his complaint to allege fraud. Bell did not object to the amendment, but argued that the pleading was inadequate in light of its lack of specificity. When the court dismissed count IV it did so with prejudice. Hence, we will examine the complaint to determine whether, if it had been retitled as a claim for common law fraud, it would have stated a cause of action for fraud.

The elements of fraudulent misrepresentation are (1) a misrepresentation; (2) a fraudulent utterance thereof;

4. Section 201–9.2 provides, in relevant part, "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action, to recover actual damages or one hundred dollars ($100), whichever is greater." 73 Pa.S.A. § 201–9.2(a).

5. We note that in his appellate brief, appellant attempts to weave into his Unfair Trade Practices Act/fraud contention a claim of breach of the duty of good faith and fair dealing. Appellant contends that "Count IV states a claim for Bell's fraudulent misrepresentation to him that it would fulfill its duty of good faith and fair dealing in meeting its obligations, pursuant to the Directory Advertising Contract." Appellant then sets out, in detail, the elements of a claim for breach of good faith and fair dealing. Appellant's Brief at 29. However, this claim is separate from a claim for fraud. Although appellant made passing reference to good faith and fair dealing in the middle of count IV, he does not suggest that he ever pleaded a good faith and fair dealing count in his original complaint. Therefore, as appellant urges that count IV should be recast as a common law claim of fraud, we decline to also examine it as a claim for breach of good faith and fair dealing. It is clear from the original complaint that he did not intend to plead such a claim in count IV.

(3) an intention by the maker to induce the recipient thereby; (4) justifiable reliance by the recipient on the misrepresentation; and (5) damage to the recipient as a proximate result of the misrepresentation. *Thomas v. Seaman*, 451 Pa. 347, 350, 304 A.2d 134, 137 (1973) (citations omitted); *Scaife Co. v. Rockwell Standard Corp.*, 446 Pa. 280, 285, 285 A.2d 451, 454 (1971) (citations omitted), *cert. denied*, 407 U.S. 920, 92 S.Ct. 2459, 32 L.Ed.2d 806 (1972). Moreover, averments of fraud must be alleged with particularity and must be sufficient to convince the court that the averments are not merely subterfuge. Pa.R.Civ.P. 1019(b). *See also Bata v. Central–Penn National Bank*, 423 Pa. 373, 379, 224 A.2d 174, 179 (1966) ("averments of fraud are meaningless epithets· unless sufficient facts are set forth which will permit an inference that the claim is not without foundation"). The *Bata* court clarified:

> While it is impossible to establish precise standards as to the degree of particularity required in a given situation, two conditions must always be met. The pleadings must adequately explain the nature of the claim to the opposing party *so as to permit him to prepare a defense* and they must be sufficient to convince the court that the averments are not merely subterfuge. ·

*Id.*, 423 Pa. at 380, 224 A.2d at 179 (citations omitted) (emphasis added). Thus, appellant's allegations of fraud must consist of more than legal conclusions. *See Borelli v. Barthel*, 205 Pa.Super. 442, 448, 211 A.2d 11, 14 (1965).

 Count IV of appellant's complaint sets forth, in pertinent part, the following allegation:

> 28. Defendants, at all times material hereto, falsely represented to Plaintiff that its advertisement services and products would be provided in a workmenlike [sic] manner and be of a reasonable quality.

> 29. At all times materials [sic] hereto, Plaintiff relied on the representations of Defendants, as set forth more fully above, to his great detriment, loss and damage.

> 30. Defendants [sic] services and products were falsely represented to Plaintiff and substandard in that:

a. Defendants failed to provide Plaintiff with any of the advertisements contracted for in the 1990/91 edition of the Doylestown and Lansdale phone books;

b. Defendants failed to insure that the appropriate procedures and policies were followed in transmitting Plaintiff's advertisement specifications to those individuals responsible for printing;

c. The quality of services provided to Plaintiff by Defendants was substandard in that Defendants failed to possess and/or exercise a degree of care and skill ordinarily possessed and/or exercised by other similarly situated advertising specialists; and

d. Defendants acted and failed to act, as discusses above, in violation, and total disregard, or the duty of good faith and fair dealing encumbent [sic] upon them by virtue of their contract with Plaintiff.

. . . . .

32. It is further alleged, based upon information and belief, that Defendants have had, into the presently unknown past, specific knowledge of their errors and omissions, akin to those described more fully hereinabove, but have, in reckless disregard of the rights and economic interests of Plaintiff and those similarly situated, relied upon false security inherent in the aforementioned disclaimer clause of the preprinted Agreement for Directory Advertising forms in failing to take those reasonable but necessary steps in insure [sic] against continuing to cause irreparable financial harm to those such as Plaintiff.

Complaint at para. 28–30, 32. Appellant also alleged proximate damage as a result of the alleged misrepresentation, in excess of $15,000 per month "into the indefinite future." Complaint at para. 33.

Essentially, appellant alleges that because Bell represented that it would perform pursuant to the terms of the advertising contract, and failed to use reasonable care in

ensuring its performance of those terms, it is liable for fraudulent misrepresentation. We do not agree.

First, appellant's pleading is lacking in that it fails to allege specific facts as to element three of a fraud claim, *i.e.*, intent to induce. Appellant alleges no facts which, if true, would prove this element. Paragraph thirty-two's vague reference to appellee's "specific knowledge" in "the presently unknown past" not only fails to specifically plead the facts of intent to induce by misrepresentation, but does not even provide sufficient facts to enable Bell to prepare a defense to the claim.[6] Bell's failure to act according to its representation to appellant that it would publish his advertisements, without more, does not rise to the level of fraud. "The breach of a promise to do something in the future is not fraud." *Edelstein v. Carole House Apartments, Inc.*, 220 Pa.Super. 298, 303, 286 A.2d 658, 661 (1971) (citation omitted). Moreover, "[a]n unperformed promise does not give rise to a presumption that the promisor intended not to perform when the promise was made." *Fidurski v. Hammill*, 328 Pa. 1, 3, 195 A. 3, 4 (1937) (citation omitted). Thus, count IV of appellant's complaint does not allege fraud with sufficient specificity to withstand a preliminary objection in the nature of demurrer, and the court properly dismissed the complaint.[7]

6. We note that appellant also alleges in his complaint that the "wrongful acts and/or omissions of Defendants, acting as aforesaid, are not peculiar to Plaintiff's case but represent a long-standing pattern of misconduct by Defendants which has resulted in the victimization of innumerable sole proprietors, corporations and other business persons who of necessity rely upon the advertising of Defendants for economic survival." Complaint at para. 31. This allegation does not change our conclusion. Appellant appears to allege in this paragraph that Bell knew or should have known by its past willful misconduct that it would not perform under the terms of its contract with appellant. We do not read this as alleging with adequate specificity facts to support the contention of willful misconduct. Appellant does not set forth even one fact that, if true, would prove that Bell did not intend to perform the contract at the time it entered it or recklessly disregarded its willful breach of similar contracts in the past.

7. Appellant does not raise the issue of whether the dismissal *with prejudice* was proper and, therefore, we do not address that issue.

## C.

■ Finally, appellant contends that the court erred by dismissing his complaint against Penn Del. He specifically argues that he reasonably understood that he was contracting with *both* Bell and Penn Del "in that the former provided telephone services while the latter was a separate entity, responsible for printing and publishing the advertisements." Appellant's Brief at 35. Because of this, appellant argues that the law relating to agents representing disclosed principals is inapplicable. We do not agree.

A disclosed principal is defined in the Restatement (Second) of Agency § 4 (1958) as follows: "If, at the time of a transaction conducted by an agent, the other party thereto has notice that the agent is acting for a principal and of the principal's identity, the principal is a disclosed principal." *Id.* at § 4(1). "An authorized agent for a disclosed principal, in the absence of circumstances showing that personal responsibility was incurred, is not personally liable to the other contracting party." *Viso v. Werner,* 471 Pa. 42, 47, 369 A.2d 1185, 1187 (1977) (quoting *Geyer v. Huntingdon County Agricultural Ass'n,* 362 Pa. 74, 77, 66 A.2d 249, 250 (1949)). *See also Vernon D. Cox & Co., Inc. v. Giles,* 267 Pa.Super. 411, 415, 406 A.2d 1107, 1110 (1979) (individual acting as agent for disclosed principal not personally liable on contract between principle and unless agent specifically agrees to assume liability).

In the instant case, appellant conceded in his complaint that Penn Del was acting as an agent for Bell:

On said date [May 13, 1990], Plaintiff entered into a written Agreement for Directory Advertising with Defendant Markowski, *acting in her capacity as sales representative for Defendant Penn Del, for which it acted as Defendant Telephone Company's sole advertising agent*
. . . .

The contract between Defendants and Plaintiff contains the terms and conditions demanded by Defendant Telephone Company, *which terms its agents and those with whom they contract are powerless to alter or amend.*

Complaint at para. 7 & 9 (emphasis added). Furthermore, appellant makes no allegation that he has evidence which would prove that Penn Del ever assumed personal responsibility for the potential failure of Bell to comply with the terms of the contract. Finally, the contract itself makes no reference to Penn Del, although it makes repeated reference to the "Telephone Company." Moreover, while the name of Gail Markowski, undisputed employee of Penn Del, appears on the face of the contract, she is expressly designated as "Sales Representative." Complaint at Exhibit A. Therefore, we find that the court properly dismissed appellant's complaint against Penn Del, as Penn Del was merely acting as agent for Bell, its disclosed principle.

For the foregoing reasons, we quash appellant's appeal as to the dismissal of his count for punitive damages, and affirm the court's order dismissing his complaint against Penn Del, and his counts for negligence and violation of Unfair Trade Practices Act/fraud against Bell.

POPOVICH, J., concurs in the result.