Burrell L. **HASELRIG**, Plaintiff,

v.

**LIBERTY MUTUAL INSURANCE COMPANY and Jason Gilbert, Defendants.**

Civil Action No. 97–7360.

United States District Court, E.D. Pennsylvania.

Sept. 1, 1998.

Brian L. Dillard, Keith H. Van Croft, Brian L. Dillard and Associates, Silver Spring, MD, for Plaintiff.

Bruce J. Chasan, Wilson, Elser, Moskowitz, Edelman & Dicker, Philadelphia, PA, Gerald D. Freed, Carrie L. Blackburn, Wilson, Elser, Moskowitz, Edelman & Dicker, Baltimore, MD, for Defendants.

### MEMORANDUM AND ORDER

KATZ, District Judge.

On December 22, 1993, an insured of Liberty Mutual rear-ended Mr. Haselrig's vehicle in Pennsylvania. On September 14, 1995, plaintiff's lawyer, Brian Dillard,[1] submitted a settlement demand to Liberty Mutual, dealing with claims adjuster Jason Gilbert over the next few months. No settlement was reached. On November 28, 1995, Mr. Dillard sent a letter to Mr. Gilbert stating that if the matter were not resolved within twenty days, he would file suit. There was no contact between the parties in the subsequent twenty days, and Mr. Dillard did not file suit. Mr. Dillard drafted a complaint in December, 1995 but did not file it. On December 22, 1995, Pennsylvania's two-year statute of limitations expired. On January 31, 1996, Mr. Gilbert advised Mr. Dillard that the statute of limitations had run and Liberty Mutual was closing its file on Mr. Haselrig's claim.

In December, 1996, plaintiff filed the instant complaint, alleging that Liberty Mutual and Mr. Gilbert engaged in fraud by making repeated assurances that the company would pay Mr. Haselrig's claim without litigation and thus lulling plaintiff into not filing suit within the limitations period, and further alleging that Liberty Mutual and Mr. Gilbert breached an oral contract to settle the claims. Before the court is defendants' motion for summary judgment. For the following reasons, the court agrees that the defendants are entitled to summary judgment, and the motion will be granted.[2]

*Breach of Contract*

Plaintiff claims that his lawyer Mr. Dillard and Mr. Gilbert had formed an oral agreement that Liberty Mutual would pay the claim without litigation, and Mr. Haselrig would thus refrain from filing suit on the claim. Plaintiff contends that a contract was formed when Liberty Mutual accepted plaintiff's offer of settlement in the form of his $80,000 settlement demand. The consideration involved was the offer to pay on Liberty Mutual's part, and the refraining from suit on Mr. Haselrig's part. The alleged breach is Mr. Gilbert's January, 1996 closing of the file without paying the claim.

---

1. As well as being a central actor in the facts underlying this case, Mr. Dillard is also plaintiff's counsel here.

2. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). At the summary judgment stage, the court does not weigh the evidence and determine the truth of the matter. Rather, it determines whether or not there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In making this determination, all of the facts must be viewed in the light most favorable to, and all reasonable inferences must be drawn in favor of, the non-moving party. *See id.* at 256, 106 S.Ct. 2505.

The moving party has the burden of showing there are no genuine issues of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Mathews v. Lancaster General Hosp.,* 87 F.3d 624, 639 (3d Cir.1996). In response, the non-moving party must adduce more than a mere scintilla of evidence in its favor, and cannot simply reassert factually unsupported allegations contained in its pleadings. *See Anderson,* 477 U.S. at 249, 106 S.Ct. 2505; *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548; *Williams v. Borough of West Chester,* 891 F.2d 458, 460 (3d Cir.1989).

Plaintiff did not respond to this summary judgment motion, and thus has not met his burden of producing evidence demonstrating that there are genuine factual disputes remaining. The court has examined the evidence of record and determined on that basis that defendants are entitled to summary judgment.

Quite simply, the defendants could not have breached a contract because the evidence shows that no contract was formed. To form a contract under Pennsylvania law, of course there must be:

> (1) an offer by one party that expresses a willingness to enter a contract; (2) an acceptance by which the second party agrees to be bounds by the terms of the offer; and (3) a bargained-for exchange of consideration, i.e., a specific, definite promise by each party to perform some act.

*Tuman v. Genesis Assoc.*, 935 F.Supp. 1375, 1389 (E.D.Pa.1996). In this case, even assuming the settlement demand constituted an offer, there was no acceptance nor consideration.

Upon receiving the settlement demand, Liberty Mutual did not accept it. Mr. Gilbert asked for more information, specifically medical records from Mr. Haselrig's treating physician. *See* Ex. F at 27–28; Ex. D (Nov. 28 letter from Brian Dillard to Jason Gilbert referencing the request for an authorization to obtain medical records). Further, Mr. Dillard in his deposition admitted that the amount of settlement was never discussed. *See* Ex. F at 32. Also never discussed was the statute of limitations issue and plaintiff's refraining from suit. *See* Ex. F at 49 (the only discussion of the statute of limitations was in the final telephone call of January 31, 1996). Certainly a topic never discussed could not be the basis of plaintiff's bargained-for consideration required to form a contract. Because there was no contract to breach, defendants are entitled to summary judgment on this count.

*Fraud*

■ Plaintiff claims that Mr. Gilbert made repeated assurances that Liberty Mutual would pay Mr. Haselrig's claim without Mr. Haselrig instituting suit on it, and that those assurances amount to fraud. ·Plaintiff has not specified exactly what those assurances were, but Mr. Dillard testified at his deposition that "[s]ettlement had been [discussed], and promised." Ex. F at 32.

The elements of a cause of action for fraud are (1) a misrepresentation; (2) a fraudulent utterance thereof; (3) an intention by the maker that the recipient will thereby be induced to act; (4) justifiable reliance by the recipient on the misrepresentation; and (5) damage to the recipient as the proximate result. *See Greenberg v. Tomlin*, 816 F.Supp. 1039, 1054 (E.D.Pa.1993). As for what type of statement can constitute an actionable misrepresentation, "a promise to do something in the future and the failure to keep that promise, is not fraud. Rather, a cause of action for fraud requires that a misrepresentation of a past or present material fact be pleaded and proved." *Id.; see also Bash v. Bell Tel. Co.*, 411 Pa.Super. 347, 601 A.2d 825, 832·(1992) ("The breach of a promise to do something in the future is not fraud.... Moreover, an unperformed promise does not give rise to a presumption that the promisor intended not to perform when the promise was made.").[3]

In this case, even crediting Mr. Dillard's version of events, there was no misrepresentation of a past or present fact. Instead, plaintiff's claim rests on Mr. Dillard's assertion that although the amount of settlement had never been discussed, "[s]ettlement had been, and promised." Ex. F at 32.[4] At most, Mr. Dillard's testimony is evidence that Mr. Gilbert expressed Liberty Mutual's intent to settle in the future. This representation cannot serve as the basis of a fraud

---

**3.** Moreover, Pennsylvania law requires that fraud be proved by evidence that is clear, precise, and convincing. It is up to the trial judge to decide as a matter of law whether plaintiff's evidence meets that standard sufficiently to make out a prima facie case and warrant going forward to trial. *See Greenberg* at 1054–55. Here, because neither plaintiff's complaint nor any deposition testimony in the record even identifies any particular statement made by Mr. Gilbert, the evidence does not meet the standard.

**4.** In other iterations during his deposition, Mr. Dillard said that Mr. Gilbert "represented that he was still *going to* settle the case as of that date, that he had not gotten to it, and that I *would be* the first person called because my case *would be* the first one to be resolved for settlement" (emphasis added), Ex. F at 14; that Mr. Gilbert said "that the case *would be* settled" (emphasis added), Ex. F at 34; and that Mr. Gilbert said that "[i]t *would be* settled" (emphasis added), Ex. F at 35.

claim, and defendants are thus entitled to summary judgment on that count.