

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-4-2004

# Allstate Ins Co v. Neary

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2353

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation
"Allstate Ins Co v. Neary" (2004). *2004 Decisions.* Paper 1025.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1025

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2353
_____

ALLSTATE INSURANCE COMPANY,
Appellant

vs.

MICHAEL X. NEARY; RALPH L. LYTLE, JR.;
NANCY LYTLE; STARCRAFT RV INC., as successor
in interest to Starcraft Transportation Corp., Starcraft Corp.,
Starcraft Recreation Products, Corp.,
Starcraft Van Conversions Corp.,
WIDE-WORLD RV CENTER, INC.,
NEARY'S AUTO SALES and SERVICE,
ELIXER INDUSTRIES; MANCHESTER TANK;
THE DOMETIC CORP.;
KEYSTONE PROPANE SERVICES, INC.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania

District Court Judge: The Honorable John E. Jones III
(D.C. Civ. No. 03-cv-0473)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 23, 2004

Before: ALITO and CHERTOFF, Circuit Judges, and

DEBEVOISE[*], Senior District Court Judge

(Opinion Filed: February 4, 2004)

_____

OPINION OF THE COURT

_____

**Debevoise, Senior District Court Judge**

Appellant, Allstate Insurance Company, appeals from the District Court's order denying its motion for summary judgment and granting summary judgment to the appellees, finding that an insurance policy that Allstate issued to Michael X. Neary provided coverage for injuries arising from an explosion that is alleged in an underlying action against Neary.[1]  We will affirm.

## Background

During the relevant period Neary, a Pennsylvania resident, was insured under a homeowner's insurance policy that Allstate issued.

On January 21, 1997 Neary purchased for his personal use a second hand 1988 Sportstar Starcraft camper.  The camper, which was designed to be mounted on the back of an open truck, was equipped with a propane gas stove, refrigerator and heater.  In mid-July 1997 Neary used the camper on a trip to Alaska and also used it when he went

_____

[*] Honorable Dickinson R. Debevoise, Senior United States District Judge for the District of New Jersey, sitting by designation.

[1] Appellee Keystone Propane Services, Inc., one of the defendants in the underlying litigation, submitted the principal appellee brief on this appeal, in which Neary joined.

2

fishing. He decided to sell it, and on September 1, 1998 effected a sale to Ralph Lytle, Jr., for $2,200.

The transaction was a model of simplicity. Lytle and his wife went to Neary's place of business where the camper was kept, delivered to Neary either a check or cash in the amount of the purchase price and took delivery of the camper. To evidence the transaction Neary had prepared a document entitled "Bill of Sale," which was in effect little more than a receipt. It read in its entirety:

---

Bill of Sale

Sept 1/1998

From   Michael X. Neary
948 Adams Ave.
Scranton, Pa
18510
717-342-2700

x Michael X. Neary

To    Ralph Lytle
1650 Falls Rd
Clark Summit, Pa
18411
587-4332

x Ralph Lytle

For   Starcraft Truck Camper 1988
#ISARH49D1J1D00110
Model Sport Star 71/2 ft

$2,200 Paid in Full

---

3

After purchasing the camper Lytle and his wife went on a camping trip to New York State. They used the propane gas stove without incident during the evening of Saturday, September 5, 1998. The next morning Lytle sought to use the stove to reheat coffee. When he attempted to light the stove with a butane lighter, an explosion occurred which resulted in serious injury to him.

The Lytles instituted suit in the Court of Common Pleas of Lackawanna County naming as defendants numerous corporate entities that were alleged to have had some role in the manufacturing, sale or delivery of the camper or the propane stove, refrigerator or heater. The Lytles also named Neary as a defendant, asserting causes of action against him based upon strict liability and negligence and seeking punitive damages. Allstate undertook the defense of the action. On July 20, 2001 it advised Neary that it would not pay any portion of a verdict against him that was for punitive damages, but that:

> In the lawsuit, the plaintiff(s) is/are demanding damages claimed to have been incurred as a result of the accident. The damages which are associated with and for personal injury, and property damages would be covered under your policy number 028844714 to the limit of the liability for which you are insured.

On October 12, 2001 Allstate retreated from its acknowledgment of coverage for an award other than for punitive damages and reserved its right to "later disclaim any obligation under the policy and assert a defense of no coverage under the policy because the incident does not qualify as an occurrence under the policy." Allstate further

4

informed Neary that "[i]n addition, your policy contains an exclusion which expressly prohibits coverage assumed by an insured person arising out of any contract agreement."

On August 1, 2003 the Court of Common Pleas dismissed the strict liability claim against Neary, leaving only claims based upon negligence and for punitive damages. The complaint at paragraph 107 alleged a litany of actions and inactions constituting negligence, carelessness and recklessness on Neary's part:

(a)    Designing, manufacturing, selling and/or distributing a truck camper which was unsafe for its intended use;

(b)    The designing, manufacturing, selling and/or distributing [of] a truck camper without adequate warnings regarding its LP gas system;

(c)    Designing, manufacturing, selling and/or distributing a truck camper which lacked adequate warnings regarding the dangers presented by the use of LP gas;

(d)    Negligence pursuant to §328D of the Restatement (Second) of Torts;

(e)    Failing to install an LP gas detector within the aforesaid camper;

(f)    Failing to provide adequate quality control standards and procedures;

(g)    Failing to properly inspect the particular truck camper before it left the defendant's control;

(h)    Allowing and/or causing alteration of the particular truck camper;

(i)    Failing to properly assemble the LP gas system, so that it would not leak LP gas into the interior of the camper presenting a danger to its occupants;

(j)    Failing to provide post sale information in the form of warnings, instructions, and/or information as to the developments in the industry, to its consumers; and

5

(k)     Failing to design a proper propane storage area which would protect the camper inhabitants from the gas storage areas.

On March 25, 2002 Allstate filed its complaint in the District Court naming as defendants Neary and various of the corporations who were defendants in the underlying action. Allstate's complaint sought a declaration of the rights, duties and liabilities under the homeowner's insurance policy that it had issued to Neary. Specifically it sought a declaration that it is not obligated to provide defense or indemnity to Neary for the underlying action because there was no "occurrence" as defined in Allstate's policy and the underlying action arises out of a contract between Neary and the Lytles, which is specifically excluded under Allstate's policy.

Allstate moved for summary judgment. On April 14, 2003 the District Court denied the motion and further ruled that:

> Although none of the defendants have filed cross-motions for summary judgment, for the sake of judicial economy we also hold that as a matter of law, the Policy does provide for coverage to Michael Neary for the occurrence alleged in the Underlying Complaint, and that therefore Allstate has a duty to defend, and if necessary and pursuant to the provisions of the Policy, indemnify Michael X. Neary in the underlying action.

Allstate appealed.

## Jurisdiction and Scope of Review

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

The District Court's grant of summary judgment is subject to plenary review. Our

6

standard of review applicable to an order granting summary judgment is plenary. <u>Curley v. Klein</u>, 298 F.3d 271, 276-77 (3d Cir. 2002). In conducting our review, we view the facts in the light most favorable to the non-moving party. <u>Doe v. County of Centre,</u> 242 F.3d 437, 446 (3d Cir. 2001).

## Discussion

The policy provisions pertinent to Allstate's argument that it does not have a duty to defend and indemnify because Lytle's injury did not result from an "occurrence" are the following:

> **Coverage X**
> **Family Liability Protection**
> **Losses We Cover Under Coverage X:**
>
> Subject to the terms, conditions and limitations of this policy, Allstate will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies, and is covered by this part of the policy.
>
> …
>
> 9. "Occurrence" - means an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury or property damage.

It is Allstate's contention that pursuant to Pennsylvania's "gist of the action doctrine," the explosion was not the occurrence out of which the Lytles' claims arose; rather, their claims against Neary were created by contract and arose out of the sale and purchase of the camper as evidenced by the "Bill of Sale." Thus they are barred by the policy's contract exclusion:

7

Losses We Do Not Cover Under Coverage X:

…

16.  We do not cover any liability an insured person assumes arising out of any contract or agreement.

Pennsylvania courts, in interpreting the term "occurrence" contained in insurance policies, have focused on whether the underlying damage was caused by a tort or a breach of contract.  The distinction and the purpose of the distinction was discussed extensively in Phico Ins. Co. v. Presbyterian Med. Sers. Corp., 444 Pa. Super. 221 (1995). Presbyterian had entered into an agreement with Delaware Valley Convalescent Homes, Inc., to provide management of a nursing home.  Delaware Valley sued Presbyterian charging that it mismanaged the home in a number of ways and that the challenged acts constituted either gross negligence or willful misconduct and consequently resulted in a breach of the agreement.

Presbyterian sought defense and indemnification from Phico, its insurer.  Phico filed a declaratory judgment complaint seeking a ruling that its policy did not cover the claims asserted against its insured, Presbyterian.  The Pennsylvania Superior Court affirmed the trial court's order granting summary judgment in favor of Phico.  The Court, citing Bash v. Bell Tel. Co., 411 Pa. Super. 347 (1992), articulated Pennsylvania's "gist of the action" doctrine, stating:

> In that case, which arose in connection with the breach of an agreement relating to the publication of a telephone directory advertisement, we examined federal authority and indicated that to be construed as a tort

8

action, the wrong ascribed to the defendant must be the gist of the action with the contract being collateral. In addition, we noted that a contract action may not be converted into a tort action simply by alleging that the conduct in question was done wantonly. Finally, we stated that the important difference between contract and tort actions is that the latter lie from the breach of duties imposed as a matter of social policy while the former lie for the breach of duties imposed by mutual consensus.

444 Pa. Super. at 229.

Applying the gist of the action doctrine to the case at hand the Court in <u>Phico</u> concluded that:

> "[o]ur review of the complaint in question demonstrates that the action related only to appellant [Presbyterian] and Delaware Valley and arose out of the former's performance of a management agreement. Consequently, while Delaware Valley included allegations that appellant engaged in both gross negligence and willful misconduct, the agreement unquestionably was not collateral to any of its claims. Indeed, this conclusion is supported by the fact that Delaware Valley averred that the actions which it relies upon to demonstrate tortious conduct collectively resulted in the breach of the agreement." <u>Id</u>. at 230.

In the instant case the District Court's opinion carefully reviewed the facts in light of the policy provisions. It succinctly set forth Pennsylvania law governing the obligations of an insurer to defend and indemnify its insureds (and the limits of such obligations). The court recognized that "[i]f we conclude that Allstate's perception [that Lytle's injuries arose from the sale of the camper] is correct and that the potential duty of care owed to Lytle was contractual in nature, then Ralph Lytle's injury would not constitute an 'occurrence' according to the terms of the Policy and Allstate would not have a duty to defend or to indemnify Neary in the underlying action."

9

The court noted Phico, supra, and a similar case, Freestone v. New England Homes, Inc., 819 A.2d 550 (Pa. Super. 2003). It contrasted the extensive contractual claims alleged against the insurers in those cases with the absence of any contractual claim alleged against Neary in the instant case; instead the complaint charges Neary with a plethora of tortious actions or inactions.

The only contractual document upon which Allstate relies is the so-called "Bill of Sale," which imposes no future obligations at all upon either party. It simply reflects that Neary sold the camper to Lytle, and Lytle paid $2,200 for it on September 1, 1998.

We agree with the District Court's conclusion that:

> "[c]onsidering the facts as plead within the Underlying Complaint along with the Bill of Sale between Neary and Lytle (which is in fact the only written agreement between them), we reach the inescapable conclusion that the contract between the parties is collateral to the cause of action brought by the Lytles against Neary, and correspondingly that the 'occurrence' in this case was the explosion in the camper rather than the sale of the camper. In this regard, we find that the Lytle's cause of action stems from allegations of Neary's negligent conduct as opposed to and distinct from any potential breach of contractual duty."

### Conclusion

For the foregoing reasons we affirm the judgment of the District Court.

TO THE CLERK OF THE COURT:
Kindly file the foregoing Opinion

/s/ Dickinson R. Debevoise
SENIOR DISTRICT COURT JUDGE

10