NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3756
_____

REGINELLA CONSTRUCTION COMPANY, LTD,

Appellant

v.

TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court  No. 2-12-cv-01047
District Judge: The Honorable Mark R. Hornak

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 13, 2014

Before: SMITH, VANASKIE, and SHWARTZ, *Circuit Judges*

(Filed: June 11, 2014 )

_____

OPINION
_____

SMITH, *Circuit Judge.*

Plaintiff Reginella Construction Company, Ltd. appeals two orders of the

District Court: (1) the order dismissing its complaint; and (2) the order denying its motion to alter or amend judgment or, in the alternative, for leave to file an amended complaint. For the reasons that follow, we will affirm.

I.

Reginella is a Pittsburgh-based construction company that performs mutli-million dollar public construction projects and has been in business for over twenty-five years. In 2010–2011, Reginella entered into contracts with (1) the Moon Area School District ("MASD"), for conversion of a high school into a middle school, ("Moon Project") and (2) the Ohio Turnpike Commission ("OTC"), for re-construction of two service plazas ("Ohio Project"). Defendant Travelers Casualty and Surety Company of America provided bonding for both projects.

Travelers signed these bonding contracts against the backdrop of a General Indemnification Agreement ("GIA") it had entered into with Reginella in June 2009. The GIA provided that if certain triggering events occurred—such as Reginella defaulting on any contract bonded by Travelers, or Reginella breaching the GIA itself—Reginella would transfer a number of rights to Travelers, including, *inter alia*, the right to take possession of the work under any bonded contract, to take possession of Reginella's property, and to take possession of funds owed to Reginella under any bonded contract.

On April 26, 2012, Travelers sent a letter to MASD demanding payments owed to Reginella on the Moon Project. Travelers urged MASD that it was

2

contractually entitled to these payments because Reginella had defaulted on a number of its subcontracts and the aggrieved subcontractors had asserted claims against Travelers on the Moon Project's payment bond. After receiving this letter, MASD refused to remit payment to either Reginella or Travelers until the parties agreed which company was entitled to payment. Reginella alleges that after Travelers sent this letter, Travelers informed Reginella's subcontractors that MASD was going to terminate Reginella from the Moon Project. According to Reginella, this information caused the subcontractors to breach their subcontracts by slowing down, stopping work, and submitting inflated and premature claims against Reginella. On June 11, 2012, Reginella, having yet to receive payment from MASD, terminated the Moon Project contract.

During the same time period, problems arose on the Ohio Project. In November 2011, Reginella terminated a subcontractor for failing to perform its contractual obligations, and this subcontractor filed a lien against the Ohio Project. In response, OTC withheld payment from Reginella in the amount of the lien until Reginella provided a lien-over bond from a surety. Reginella asked Travelers to provide this lien-over bond, arguing that it had a continuing obligation to do so under the Ohio Project's contract bond. Travelers disagreed and refused to provide the bond, arguing that OTC should release payment without the lien-over bond or that Reginella should obtain this bond from another surety. Negotiations stalled, and as OTC continued to withhold payment from Reginella, Reginella became

3

unable to pay its subcontractors, causing delays in the project. On May 22, 2012, OTC terminated Reginella from the Ohio Project.

On July 26, 2012, Reginella filed a complaint against Travelers in the United States District Court for the Western District of Pennsylvania. With respect to the Moon Project, the complaint alleges four tort claims: (1) intentional interference with the Moon Project construction contract; (2) intentional interference with the Moon Project subcontracts; (3) breach of fiduciary duty; and (4) bad faith. With respect to the Ohio Project, the complaint alleges two tort claims: (1) breach of fiduciary duty; and (2) bad faith. The complaint does not allege any breach of contract claims and makes no reference to the GIA between Travelers and Reginella.

Travelers filed a motion to dismiss, which the District Court granted on May 30, 2013. The District Court dismissed Reginella's claims for breach of fiduciary duty because it found that no fiduciary relationship existed between Travelers and Reginella. The District Court dismissed Reginella's claims for intentional interference with contractual relations and bad faith on the basis of the "gist of the action" doctrine, which it invoked *sua sponte*.

On June 28, 2013, Reginella moved to alter or amend the judgment or, in the alternative, to amend its complaint to include breach of contract claims. The District Court denied this motion on September 5, 2013. This timely appeal followed.

## II.[1]

We agree with the District Court that Pennsylvania law controls the disposition of this case. There is no doubt that Pennsylvania law applies to Reginella's claims relating to the Moon Project. These claims arise from business relationships entered into and carried out in Pennsylvania for the benefit of a Pennsylvania municipal entity. With respect to Reginella's two claims relating to the Ohio Project, we also agree that there is no actual conflict between Pennsylvania and Ohio law on the issue of whether Reginella can assert a breach of fiduciary duty or bad faith claim against Travelers.[2] Accordingly, for the sake of convenience, this opinion will apply only Pennsylvania law.

We also agree with the District Court that Reginella failed to plead facts that could support a breach of fiduciary duty claim under Pennsylvania law. Nothing in

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). We exercise jurisdiction pursuant to 28 U.S.C. § 1291. "Our standard of review of the district court's dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is plenary. When considering a Rule 12(b)(6) motion, we are required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005) (internal citations omitted). We review a district court's denial of a motion to alter or amend the judgment for abuse of discretion, except that when "the court's denial [is] based upon the interpretation and application of a legal precept, review is plenary." *Koshatka v. Philadelphia Newspapers, Inc.*, 762 F.2d 329, 333 (3d Cir. 1985). We review the district court's denial of leave to amend a complaint for abuse of discretion. *Kanter v. Barella*, 489 F.3d 170, 175 (3d Cir. 2007).

[2] Reginella contends that factual development was needed to determine which state's laws properly applied. Because the District Court determined that Ohio and Pennsylvania laws do not actually conflict, however, these factual determinations were unnecessary.

5

Reginella's complaint suggests that its relationship with Travelers went "beyond mere reliance on superior skill, and into a relationship characterized by overmastering influence on one side or weakness, dependence, or trust, justifiably reposed on the other side." *Winiski v. Brown & Brown Ins. Co. of PA*, 906 A.2d 571, 577 (Pa. Super. Ct. 2006) (internal quotation marks and citation omitted). The complaint explains that Reginella is a large and well-established contractor that has performed multi-million dollar public construction contracts for years. J.A. 54. In fact, the complaint reveals that Reginella terminated its relationship with Travelers in order to enter a relationship with a new surety on more favorable terms. *Id.* at 53-54. In short, the complaint depicts a typical arms-length relationship between a contractor and a surety.[3]

Further, we agree with the District Court that Reginella's claims for intentional interference with contractual relations and bad faith are barred by Pennsylvania's "gist of the action" doctrine.[4] Upon consideration of the bonding contracts and the GIA,[5] it is clear that Travelers's allegedly tortious actions were

---

[3] The District Court also concluded that the Pennsylvania Supreme Court would not hold that a contractor/surety relationship was a fiduciary relationship as a matter of law. Reginella does not challenge this ruling on appeal.

[4] The "gist of the action" doctrine "precludes plaintiffs from re-casting ordinary breach of contract claims into tort claims." *eToll, Inc. v. Elias/Savion Adver., Inc.*, 811 A.2d 10, 14 (Pa. Super. Ct. 2002). As the Pennsylvania Superior Court has explained, "[t]o permit a promisee to sue his promisor in tort for breaches of contract . . . would erode the usual rules of contractual recovery and inject confusion into our well-settled forms of actions." *Bash v. Bell Tel. Co.*, 601 A.2d 825, 829 (Pa. Super. Ct. 1992).

[5] Reginella also argues that the District Court's consideration of the GIA was inappropriate. We see no error here. It is true that when deciding a motion to dismiss,

taken in pursuit of its perceived contractual rights and obligations. Thus, "the success of [Reginella's claims] is wholly dependent on the terms of [the] contract[s]" between the parties—namely, the GIA and subsequent bonding contracts. *eToll, Inc. v. Elias/Savion Adver., Inc.*, 811 A.2d 10, 19 (Pa. Super. Ct. 2002). Accordingly, dismissal of these claims was appropriate.

Finally, we conclude that the District Court did not abuse its discretion by denying Reginella's motion to amend its complaint. It was within the District Court's discretion to determine that granting Reginella's motion would reward undue delay by encouraging Reginella's "wait-and-see" tactics. Further, Reginella is presently pursuing breach of contract counterclaims against Travelers in the Allegheny County Court of Common Pleas. *Travelers Cas. and Sur. Co. of Am. v. Reginella Constr. Co., Ltd., et al.*, GD No. 12-012196.

III.

---

"courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A court, however, "may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based upon that document. Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Id.* (internal citations omitted). Reginella does not dispute the authenticity of the GIA, and we agree with the District Court that Reginella's claims are necessarily "based upon" this document. J.A. 14 ("Reginella cannot bring claims against Travelers for its alleged behavior during their business relationship, yet protest the Court's full review of the legal nature of that relationship."); *see also id.* (explaining that review of the GIA is essential to determining whether a fiduciary relationship existed between the parties, and whether Travelers was contractually authorized to engage in its allegedly tortious behavior).

For the reasons stated, we will affirm the judgment of the District Court.