## Herrera v. Papillion

C.P. of Monroe County, No. 7308 CV 2011

*James T. Mulligan, Jr.,* for plaintiffs.

*Steven N. Cherry,* for defendant Papillion and Papillion Contracting Inc.

*James L. Goldsmith,* for Remax Crossroads.

*Patrick J. Boland,* for Better Homes & Gardens.

*Marc B. Zingarini,* for Safe Guard Home Inspections.

ZULICK, J., January 13, 2012—Plaintiffs, Rene A. and Judith Herrera, filed an amended complaint against defendants, Marvin Papillion, individually and d/b/a Papillion Contracting, Inc. ("Papillion"), Better Homes and Gardens R.E., Remax Crossroads, and Safe Guard Home Inspections on October 6, 2011 alleging damages stemming from the sale of a home that had water infiltration problems. Papillion filed preliminary objections to the Herreras' amended complaint and a brief in support of the preliminary objections. The Herreras filed an answer to the preliminary objections and brief in opposition. Both parties presented argument before the court on January 3, 2012.

## DISCUSSION

Pennsylvania rule of civil procedure 1028(a)(4) allows any party to file preliminary objections to any pleading on the grounds of "legal insufficiency of a pleading (demurrer)." Pa. R. Civ. P. 1028(a)(4). When filing preliminary objections in the nature of a demurrer the defendant admits, as true, all well-pled facts in the complaint and any reasonable inferences to be drawn therefrom, but not the pleader's conclusions or averments of law. See *Savitz v. Weinstein*, 395 Pa. 173, 174, 149 A.2d 110, 111 (1959) (quoting *Narehood v. Pearson*, 374 Pa. 299, 302, 96 A.2d 895, 896 (1953)); 220 *P'ship v. Phila. Elec. Co.*, 650 A.2d 1094, 1096 (Pa. Super. 1994) (citing *Preiser v. Rosenzweig*, 614 A.2d 303, 305 (Pa. Super. 1992)).

A "preliminary objection in the nature of a demurrer should not be granted if the allegations of the complaint state a cause of action under any theory of law." *Packler v. State Employes' Ret. Bd.*, 470 Pa. 368, 371, 368 A.2d 673, 675 (1977). In determining whether the factual averments contained in the complaint sufficiently state a cause of action, all doubts are resolved in favor of sufficiency of the complaint. See *Slaybaugh v. Newman*, 479 A.2d 517, 519 (Pa. Super. 1984). Accordingly, a preliminary objection will only be sustained and a complaint dismissed only in cases that are clear and free from doubt. See *Cianfrani v. Commonwealth*, 479 A.2d 468, 469 (Pa. Super. 1984).

### I. Cause of action by plaintiff, Judith Herrera, against defendant, Papillion

Although not specifically raised in the preliminary

objections,[1] Papillion, in his brief in support of his preliminary objections and in oral argument before the court, argues that Mrs. Herrera has not raised an actionable claim against him because she was not party to the contract. In response, the Herreras argue that because they were married at the time Mr. Herrera signed the contract, Mrs. Herrera has an "equitable interest" in the contract. The Herreras have not offered any case law to support this argument and the court is not aware of any theory that would give Mrs. Herrera standing in this case. As such, Mrs. Herrera is dismissed as a plaintiff as to counts I-IV of the amended complaint.

## II. Breach of contract claim

Papillion also contends that the Herreras have failed to sufficiently plead a cause of action for breach of contract. "A cause of action for breach of contract must be established by pleading (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. 1999) (citing *Gen. State Auth. v. Coleman Cable & Wire Co.*, 365 A.2d 1347, 1349 (Pa. Cmwlth. 1976)). Although every contract term must not be stated in complete detail, every element must be specifically pleaded. See *CoreStates*, 723 A.2d at 1058 (citing *Snaith*

---

1. Papillion does, however, broadly aver in his preliminary objections that there has been a failure by the plaintiffs to establish the required elements of a cause of action for breach of contract. The Herreras have not complained about Papillion's technical failure to specifically raise the issue in his preliminary objections and have responded in their brief to this objection. Therefore, the court will address the objection on its merits.

*v. Snaith*, 422 A.2d 1379, 1382 (Pa. Super. 1980)).

The Herreras aver the existence of a contract between Mr. Herrera and Papillion in their amended complaint and attach a copy of the contract, thus satisfying the first required element. The Herreras also aver, generally, various items of property damages. However, the Herreras make no reference to any specific provision(s) of the contract that imposes an obligation or how a breach of such an obligation resulted in the damages listed. Instead, the Herreras aver that Papillion "knew that the property . . . had a water infiltration problem and failed to disclose same to [the Herreras]." Amend. compl. ¶ 22. This does not specify what obligation was imposed by the contract. As such, count I-breach of contract fails to sufficiently plead a cause of action and Papillion's preliminary objection will be sustained. Mr. Herrera will be given leave to amend the complaint within twenty days to specifically plead what provision in the contract imposes a duty on Papillion.

## III. Negligence Claim

Mr. Papillion also objects to the Herreras' negligence count. He contends that the Herreras' negligence claim is barred by (1) the gist of the action doctrine and (2) the economic loss doctrine. In the alternative, Papillion contends that particular phrases contained in paragraphs 27, 27(e), and 27(f) of the amended complaint are general allegations that fail to apprise Papillion of the nature of the Herreras' claims and, therefore, should be stricken.

Under Pennsylvania law, the gist of the action doctrine bars "plaintiffs from re-casting ordinary breach of contract claims into tort claims." *eToll, Inc. v. Elias/Savion Adver.,*

*Inc.*, 811 A.2d 10, 14 (Pa. Super. 2002) (citing *Bash v. Bell Tel. Co. of Pa.*, 601 A.2d 825, 829 (Pa. Super. 1992), *superseded on other grounds by rule*, Pa. R. Civ. P. 341). Put another way, "the wrong ascribed to the defendant must be the gist of the action, the contract being collateral." *eToll*, 811 A.2d at 14 (quoting *Bash*, 601 A.2d at 829). The word

> "[g]ist" is a term of art in common law pleading that refers to the essential ground or object of the action in point of law, without which there would be no cause of action . . . The "gist of the action" test then, is a general test concerned with the "essential ground," foundation, or material part of an entire "formal complaint" or lawsuit.

*eToll*, 811 A.2d at 15 (quoting *Am. Guar. & Liab. Ins. Co. v. Fojanini*, 90 F. Supp. 2d 615, 622-23 (E.D. Pa. 2000)).

Accordingly, the distinction between tort and contract actions is particularly relevant to the determination of whether a plaintiff's claim sounds properly in tort or if it is merely a re-casting of a breach of contract claim through simple allegations of wanton, careless, or negligent acts by the defendant. See *Bash*, 601 A.2d at 829 (*"A claim ex contractu cannot be converted to one in tort simply by alleging that the conduct in question was wantonly done."*) (citation omitted). An action in tort arises from a breach of duty that is imposed by the law as a matter of social policy, whereas an action in contract arises only from the breach of a duty imposed by a mutual agreement amongst parties. See *id.* (citation omitted). "In other words, a claim should be limited to a contract claim when the parties'

obligations are defined by the terms of the contracts, and not by the larger social policies embodied by the law of torts." *eToll*, 811 A.2d at 14 (citation and internal quotation marks omitted).

Here, the "essential ground" or "foundation"' of the Herreras' claim is the sale agreement. Without that agreement, there is no other allegation of any duty owed to the Herreras by Papillion. Papillion's obligation to build a home in a workmanlike manner (as the Herreras characterize it) arises solely from the sale agreement. The contract is central to their lawsuit, not collateral. The negligence claim, therefore, is improper.

The Herreras assert that Papillion's reliance on the gist of the action doctrine is misplaced in this case and the court should instead look to the line of cases that use the nonfeasance/misfeasance distinction in order to determine whether the gist of the action doctrine even applies.[2] In support of this, the Herreras cite *Grode v. Mut. Fire, Marine, & Inland Ins. Co.*, 623 A.2d 933 (Pa. Cmwlth. 1993). However, the Herreras misinterpret the law on this point. In *Grode*, the court explained that two lines of reasoning exist in Pennsylvania on this particular issue. See *Grode*, 623 A.2d at 935, n.3. The first, as Papillion argues, is the gist of the action doctrine and the second is the distinction between nonfeasance and misfeasance as set out in *Raab*. See *id*. The court specifically noted that

_____

2. The nonfeasance/misfeasance distinction tests whether the cause of action arises from improper performance of a contractual obligation (misfeasance) rather than a mere failure to perform a contractual obligation (nonfeasance). See *Raab v. Keystone Ins. Co.*, 412 A.2d 638, 639 (Pa. Super. 1979). A tort cause of action arising from a contractual relationship, therefore, must allege misfeasance to survive. See *id*.

these are two distinct, albeit similar, methods with which the courts have analyzed whether a tort claim arising from a contractual relationship is proper. See *id.* (noting case law in support of both lines of reasoning "requir[e] at bottom an analysis of how much the claims in the pleadings relate to the contracts involved"). Rather than adopting one line of reasoning to the exclusion of the other, the *Grode* court simply chose to apply the *Raab* case law because "the rationales are so close, [and] the necessary analysis can be performed under *Raab*, and...the *Raab* rationale has been cited and employed most often." *Id.*

However, the superior court has abandoned this line of reasoning as inadequate and possessing no precedential authority. See *Phico Ins. Co. v. Presbyterian Med. Servs. Corp.*, 663 A.2d 753, 757 (Pa. Super. 1995) (abandoning *Raab's* misfeasance/nonfeasance rationale and instead applying *Bash's* "gist of the action" rationale). Accordingly, the court declines to apply that rationale in this case.

Because of the disposition of the Herreras' negligence claim, the court will not address Papillion's additional arguments in support of his preliminary objections arising under this claim.

## ORDER

And now, January 13, 2012, after consideration of the preliminary objections of defendant, Marvin Papillion, individually and d/b/a Papillion Contracting, Inc. ("Papillion"), and the answer of plaintiffs, Rene A. Herrera and Judith Herrera, and following oral argument, it is ordered as follows:

1. Plaintiff Judith Herrera's claims against defendant, Marvin Papillion, individually and d/b/a Papillion Contracting, Inc., are dismissed.

2. Defendant Papillion's preliminary objection averring failure to state a cause of action under a breach of contract theory is sustained and plaintiff, Rene A. Herrera, is granted leave to file a second amended complaint within twenty (20) days of this order specifically stating which provision(s) of the contract gave rise to an obligation; and

3. Defendant Papillion's preliminary objection as to count II—negligence of the amended complaint is sustained and this count is stricken, in its entirety, with prejudice.